McMILLIN, C.J.,
for the Court.
¶ 1. Clifton J. Epps, a prisoner in the custody of the Mississippi Department of Corrections, has appealed from an order of the Circuit Court of Madison County denying his motion for post-conviction relief. In his motion, Epps asserted a violation of his right to due process when the trial court allowed a substantive amendment to the indictment returned by the grand jury. Apparently anticipating a response that this was an issue to be handled at trial and on direct appeal rather than by way of post-conviction relief, Epps alternatively alleges that he received ineffective assistance of counsel arising out of trial counsel’s failure to raise this issue prior to trial.
¶ 2. Rather than addressing the merits of Epps’ contentions, we conclude that both the circuit court and this Court are without jurisdiction to consider the merits of Epps’ motion. We, therefore, dismiss the appeal.
¶ 3. Epps was convicted of burglary of an occupied dwelling in the circuit court and, on direct appeal, his conviction was upheld by an unpublished decision of this Court handed down on May 5, 1998. Epps v. State, 723 So.2d 1247 (Miss.Ct.App.1998).
¶ 4. On November 23, 1998, Epps filed a motion in the Mississippi Supreme Court for leave to pursue post-conviction relief in the Circuit Court of Madison County. This prior authority to file in the circuit court is a statutory requirement found in Section 99-39-27 of the Mississippi Code of 1972. The motion was originally denied by the supreme court on a procedural ground; however, on Epps’ motion for clarification of that ruling, a panel of three justices of the Mississippi Supreme Court denied Epps’ petition by order entered April 6, 1999. The order appears of record in Cause No.l998-M-01629 of that court.
¶ 5. Despite that ruling, Epps filed his motion for post-conviction relief with the circuit court on December 27, 2000. The circuit court, disregarding Epps’ failure to obtain leave to proceed from the supreme court under section 99-39-27, considered Epps’ motion on the merits and denied him any relief. It is from that order that Epps has perfected this appeal.
*245 ¶ 6. This Court must be constantly mindful of its jurisdiction to proceed on any matter brought before it. This obligation extends to a duty, in the proper circumstance, for the Court to raise jurisdictional issues on its own motion. Donald v. Reeves Transport Co. of Calhoun, Georgia, 538 So.2d 1191, 1194 (Miss.1989). We have consistently held that, as to post-conviction relief motions brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in section 99-39-27 deprives the circuit court— and, necessarily, this Court — of authority to reach the merits of the motion. Lawson v. State, 748 So.2d 96(¶ 3) (Miss.1999); Watts v. State, 746 So.2d 310(¶ 2) (Miss.1999).
¶ 7. The facts here weigh more heavily in favor of dismissal than in the situations cited in the previous paragraph since this is not the typical case where the necessary prior authority was simply not sought. Rather, in this instance permission zuas sought but was affirmatively denied by the sole body vested with authority to grant it. The circuit court was without jurisdiction, in that circumstance, to consider the motion on the merits. This Court, sitting as an appellate court reviewing a decision of the circuit court, can have no greater jurisdiction than did the court below. Brown v. State, 764 So.2d 463(¶ 6) (Miss.Ct.App.2000).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS VACATED AND THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION OF THE CIRCUIT COURT AND OF THIS COURT TO CONSIDER THE MOVANT’S MOTION FOR POST CONVICTION RELIEF. COSTS OF THE APPEAL ARE ASSESSED TO MADISON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.