ISHEE, J.,
for the Court.
¶ 1. Kerry Louis Morgan was convicted of burglary and the aggravated assault of a police officer on January 29, 2004, by the Circuit Court of Yalobusha County. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC) but placed under a term of twenty-eight years and eleven months of post-release supervision. Morgan was subsequently arrested for forgery. As a result, his post-release supervision sentence was revoked by the trial court, and he was remanded into the custody of the MDOC. Morgan appeals the trial court’s dismissal of his motion for post-conviction *789 relief contending: (1) he was denied due process of the law, in violation of his Fifth and Fourteenth Amendment rights, where his probation or post-release supervision was revoked without a sustained conviction of a crime or other violation of his release and (2) the trial court erred in summarily dismissing his motion for post-conviction relief without conducting an evidentiary hearing nor requiring the State to file an answer to the motion. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On January 29, 2004, Morgan pleaded guilty to burglary of a dwelling and the aggravated assault of a police officer in the Yalobusha County Circuit Court. Morgan was sentenced to thirty years as a habitual offender under Mississippi Code Annotated Section 99-19-81 (Rev.2007). He was given credit for time served, amounting to three hundred and eighty-six days in the custody of the MDOC. Upon release, Morgan was placed under a term of twenty-eight years and eleven months of post-release supervision, with the first five years reporting to a probation officer. The relevant terms of Morgan’s post-release supervision included that he commit no crimes, avoid injurious or vicious habits, and avoid persons or places .of disreputable character.
¶ 3. Morgan was subsequently arrested on the charge of forgery. Based on this charge, the State filed a petition to revoke his post-release supervision sentence. A hearing was held on March 11, 2005, at which the State put on evidence showing that Morgan committed four instances of forgery in November 2004. Specifically, Morgan was accused of forging checks belonging to his stepfather and attempting to use them at several businesses throughout Yalobusha County. After considering the evidence, the trial court revoked Morgan’s post-release supervision and sentenced him to serve twenty-eight years and eleven months in the custody of the MDOC.
¶ 4. On December 4, 2006, Morgan filed a motion for post-conviction relief to vacate and set aside the revocation of his suspended sentence. The motion was dismissed, and subsequently, Morgan filed this appeal.
STANDARD OF REVIEW
¶ 5. This Court’s standard of review for the denial of a motion for post-conviction relief is well established. We will not alter the findings of the trial court unless they are clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(113) (Miss.Ct. App.2002). Questions of law are reviewed de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ISSUES AND ANALYSIS
1. Whether Morgan was denied due process of the law where his post-release supervision was revoked without the trial court finding him guilty of any crime or other condition of release.
¶ 6. Morgan contends that he is being illegally confined and that his probation was unlawfully revoked because the trial court failed to sustain a conviction of a crime or other term and condition of release before directing Morgan to be confined in prison. Specifically, Morgan argues that even though he was arrested and charged with forgery, he was never actually convicted of the crime. Therefore, the trial court could not have held that he violated his probation. Accordingly, Morgan argues that he was denied due process of the law in violation of his Fifth and Fourteenth Amendment rights.
*790 ¶ 7. “The minimum due process requirements applicable to probation revocation hearings were set forth by the United States Supreme Court in Gagnon v. Scarpelli 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) [superceded by statute], and were incorporated into Mississippi law through Miss.Code Ann. § 47-7-37 (Rev.2000).” Payton v. State, 845 So.2d 713, 719(¶ 22) (Miss.Ct.App.2003). These requirements are:
(1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontation); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact finder as to the evidence relied on and reasons for revoking the probation.

Id.

¶ 8. We find that Morgan was accorded the minimum due process requirements to which he was entitled at his revocation hearing. Morgan was given notice that he violated his probation and the reasons thereof as outlined by the State’s petition to revoke his post-release supervision filed with the court on December 30, 2004, and in its amended petition filed on January 5, 2005. Morgan himself responded to the State’s petition by filing a motion to dismiss the petition. A revocation hearing was held on April 13, 2005, at which Morgan represented himself. It was at this time that the evidence against him was presented, and he was given an opportunity to be heard. Morgan was also given the opportunity to cross-examine the State’s witnesses and call witnesses of his own. The hearing was presided over by a detached and neutral judge of the Circuit Court of Yalobusha County. Further, after hearing the evidence, the trial judge issued an order revoking Morgan’s probation and outlining the reasons and authority supporting his decision. At this revocation hearing, Morgan was afforded all due process rights to which he was entitled.
¶ 9. Morgan’s only contention is that he should not have been held to have violated his probation because he was never actually convicted of forgery. However, Morgan is wrong in his assertion that the trial court was required to sustain a conviction of the second crime in order to revoke his probation. It is not necessary that a defendant be convicted of crimes charged to suffer revocation of his probation. Younger v. State, 749 So.2d 219, 222(¶ 12) (Miss.Ct.App.1999) (citing Berdin v. State, 648 So.2d 73, 79 (Miss.1994) (overruled on other grounds)). Further, “a hearing on a petition to revoke probation is not a criminal case,” and therefore, “evidence for revocation does not have to be beyond a reasonable doubt.” Ray v. State, 229 So.2d 579, 581 (Miss.1969). Instead, probation may be revoked upon a showing that the defendant “more likely than not” violated the terms of probation. Younger, 749 So.2d at 222(¶ 12).
¶ 10. As previously stated, a condition of Morgan’s probation was that he “commit no crimes.” At the revocation hearing, the trial judge was presented with sufficient evidence to determine that Morgan, more likely than not, committed four instances of forgery in violation of his probation. This evidence included two eyewitnesses offered by the State who identified Morgan as the perpetrator of the forgery. Further, Morgan’s mother, who was his only witness, testified that he admitted to her that he committed the forgery. We find no error on the part of the trial court in revoking Morgan’s probation and rein *791 stating his original sentence. “[W]hen a defendant is found to have violated the terms and conditions of his probation, the court has the power to ‘impose any sentence which originally could have been imposed.’ ” Johnson v. State, 753 So.2d 449, 455(¶ 15) (Miss.Ct.App.1999) (quoting Leonard v. State, 271 So.2d 445, 447 (Miss. 1973)). This claim for relief is without merit.
2. Whether the trial court erred in dismissing Morgan’s post-conviction relief motion without conducting an evidentiary hearing or requiring the State to file an answer.
¶ 11. Morgan contends that he should have been granted an evidentiary hearing before the trial court denied his post-conviction relief motion. He argues that an evidentiary hearing was necessary because the court failed to sustain a conviction of a crime before revoking his probation. Further, the revocation was based solely upon the information and allegations made by the State at the revocation hearing.
¶ 12. A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing. Hebert v. State, 864 So.2d 1041, 1045(¶ 11) (Miss.Ct.App. 2004). Accordingly, “[n]ot every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing.” Id. The statute relating to post-conviction relief includes the following provision: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.” Miss.Code Ann. § 99-39-11(2) (Rev.2007). “Furthermore, where the trial court summarily dismisses the post-conviction relief claim, it does not have an obligation to render factual findings and ‘this Court will assume that the issue was decided consistent with the judgment and ... will not be disturbed on appeal unless manifestly wrong or clearly erroneous.’ ” Culbert v. State, 800 So.2d 546, 550(¶ 9) (Miss.Ct.App. 2001) (quoting Par Indus., Inc. v. Target Container Co., 708 So.2d 44, 47(¶ 4) (Miss. 1998)).
¶ 13. We find that the trial court’s dismissal is consistent with the evidence and testimony presented in the record. Accordingly, we find this issue to be without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YALO-BUSHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.