# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CP-01780-SCT

*CHRISTOPHER WAYNE WALTERS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/2008 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON, JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER WAYNE WALTERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | E. J. (BILBO) MITCHELL |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/19/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., RANDOLPH AND KITCHENS, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     In 2005, Christopher Wayne Walters pleaded guilty to "purchase, possession, transfer or distribution of listed chemical or drug with intent to unlawfully manufacture controlled substance"[1] and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections ("MDOC"), with all but one day of the sentence suspended and five years of post-release supervision. In 2007, Walters was arrested and charged with grand larceny. Based thereon, MDOC sought revocation of Walters's post-release supervision. Thereafter, the Circuit Court of Lauderdale County entered an "Agreed Order of Revocation

---

[1]*See* Miss. Code Ann. § 41-29-313 (Rev. 2009).

of Post Release Supervision," signed by Walters, in which Walters agreed that he had violated conditions of his post-release supervision. According to the order, the State of Mississippi agreed not to present the grand-larceny charge, Walters's post-release supervision was revoked, and he was ordered to serve the remaining time on his fifteen-year sentence. In July 2008, Walters filed a "Motion to Reinstate Probation" based upon the dismissal of the grand-larceny charge. The circuit court denied Walters's motion and from that ruling, Walters appeals.

**FACTS**

¶2. On March 31, 2004, Walters was indicted for "purchase, possession, transfer or distribution of listed chemical or drug with intent to unlawfully manufacture controlled substance" pursuant to Mississippi Code Section 41-29-313. As Walters had a prior conviction under the Mississippi Uniform Controlled Substances Act,[2] the State sought "enhanced sentencing" pursuant to Mississippi Code Section 41-29-147. *See* Miss. Code Ann. § 41-29-147 (Rev. 2009). On April 6, 2005, Walter pleaded guilty, and the circuit court entered its "Order Accepting Guilty Plea and Imposing Sentence." Walters was:

> sentenced to serve a term of fifteen (15) years in the custody of the [MDOC], one (1) days to serve[3] . . . , and five (5) years on Reporting Post Release Supervision according to the provisions of [S]ection 47-7-34[4] . . . under the

[2]On September 13, 1996, Walters pleaded guilty to possession of methamphetamine in the Circuit Court for the Second Judicial District of Jones County, Mississippi, and was sentenced "to serve a term of one year in the custody of the [MDOC], to be served in the House Arrest Program . . . ."

[3]Therefore, fourteen years and 364 days of the sentence were suspended.

[4]Post-release supervision is "conducted in the same manner as a like period of supervised probation . . . ." *See* Miss. Code Ann. § 47-7-34(2) (Rev. 2009).

2

supervision of the [MDOC]. After [Walters] has completed the service of one (1) day in the custody of the MDOC and is honorably discharged therefrom, [Walters] is remanded to the supervision of staff of the [MDOC] . . . to serve the post release supervision portion of this sentence.

Regarding post-release supervision, the order provided that:

[y]ou shall comply with the following conditions. Failure to abide by any one of these conditions is sufficient to revoke the post release supervision portion of this order. . . . It may be revoked for the slightest violation of this order. The conditions are as follows:

(a) The Defendant shall hereafter commit no offense against the laws of this State . . . .

You are hereby advised that under the laws of the State of Mississippi, the [c]ourt shall determine the terms and conditions of your post release supervision, and may at any time during the period of post release supervision alter, modify, extend, terminate, or direct the enforcement of the above sentence.

¶3. On July 25, 2007, the Wayne County Justice Court issued an arrest warrant for Walters, relating to the grand larceny of personal property of another having a value of $4,600 or more. Following Walters's arrest, an MDOC field officer filed a petition requesting the revocation of Walters's post-release supervision for violation of Condition (a). At the preliminary revocation hearing on October 22, 2007, Walters denied guilt. The hearing officer, however, concluded that there existed "sufficient reasonable cause to hold [Walters] for a formal revocation hearing" before the circuit court. The formal revocation hearing was scheduled for November 15, 2007.

¶4. On November 15, 2007, the circuit court entered an "Agreed Order of Revocation of Post Release Supervision" signed by both Walters and his attorney. The order provided, in pertinent part, that Walters "has not properly conducted himself and *agrees that he has*

3

*violated the conditions of his Post Release Supervision* in material respect by: Condition (a) [t]hat [Walters] *committed the felony offense* of taking the personal property of another with a value in excess of $500.00 in Wayne County, Mississippi." (Emphasis added.) Accordingly, Walters's post-release supervision was revoked, and he was "ordered to serve [f]ourteen (14) years and [t]hree hundred and sixty four (364) days with the [MDOC] with credit for 107 days time served . . . ." Additionally, the order stated that "[t]he State agrees not to present the [g]rand [l]arceny committed on July 23, 2007 to the Wayne County [c]ourthouse."

¶5.    On July 29, 2008, Walters filed a "Motion to Reinstate Probation," asserting that the grand-larceny charge "was dismissed on Nov[.] 15, 2007 for failure to provide [Walters] with a . . . speedy trial . . . ."[5] On October 9, 2008, the circuit court denied Walters's motion "due to the lack of jurisdiction of this [c]ourt." Specifically, the circuit court determined that:

> [p]ursuant to Mississippi law, the [c]ourt has no authority to change, reduce or clarify a sentence once the term of court in which the defendant was sentenced is over and the defendant begins serving said sentence.
>
> . . .
>
> The [c]ourt further finds that this Order is not a final judgment which may be appealed. [Walters] may not appeal this Order *in forma pauperis* without first obtaining written permission of this court.

¶6.    On October 19, 2008, Walters filed both his "Notice of Appeal" and "Motion to Proceed In Forma Pauperis." As to Walters's "Notice of Appeal," the circuit court reiterated that "[p]ursuant to Mississippi law, [o]rders denying or revoking the reinstatement of probation are not appealable." The circuit court further dismissed Walters's "Motion to

---

[5]This Court notes that the alleged order of dismissal is absent from the record.

4

Proceed In Forma Pauperis" as "frivolous." By amended order, the circuit court added that Walters "may not appeal this Order *in forma pauperis* without first obtaining written permission of this court."

¶7. However, on January 5, 2009, an order of this Court provided that Walters's "Motion to Reinstate Probation" was "*within the purview of the Mississippi Uniform Post-Conviction Collateral Relief Act*" and, therefore, the circuit court was given thirty days in which "to determine Walters' indigency status and whether Walters should be permitted to proceed *in forma pauperis* on appeal." (Emphasis added.) On January 27, 2009, the circuit court entered its "Order Granting Petitioner Leave to Proceed In Forma Pauperis."

## ISSUE

¶8. This Court will consider:

Whether the circuit court erred in denying Walters's "Motion to Reinstate Probation."

## ANALYSIS

¶9. Preliminarily, this Court addresses the issue of the circuit court's jurisdiction. The January 5, 2009, order of this Court found that Walters's "Motion to Reinstate Probation" was "within the purview of the Mississippi Uniform Post-Conviction Collateral Relief Act." Mississippi Code Section 99-39-5(1)(h) provides, in pertinent part, that:

(1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence, . . . if the person claims:

. . .

5

(h) That his sentence has expired; *his probation, parole or conditional release [was] unlawfully revoked*; or he is otherwise unlawfully held in custody . . . .

Miss. Code Ann. § 99-39-5(1)(h) (Rev. 2009) (emphasis added). The State maintains that this statute is inapplicable as Walters's:

claim . . . was *not* so much that his post-release supervision had been *unlawfully revoked* as it was that it should have been *reinstated* in light of an event subsequent to that revocation, namely, that the grand larceny charge had been (allegedly) dismissed. [Walters] does not assert, so far as we can see, that the revocation, at the time it occurred was unlawful. He appears to assert that the alleged subsequent event of the dismissal of the grand larceny charge meant that he had the right to be reinstated to post-release supervision.

(Emphasis added.) However, the State concedes that this Court previously has considered a petition for reinstatement of parole under the Mississippi Uniform Post-Conviction Collateral Relief Act. *See **Williams v. Castilla***, 585 So. 2d 761, 763-64 (Miss. 1991). Accordingly, this Court concludes that the circuit court should have construed Walters's "Motion to Reinstate Probation" as a motion for post-conviction relief over which it retained jurisdiction. Therefore, the circuit court's basis for denying post-conviction relief, insofar as it was based upon the lack of jurisdiction, was contrary to the law.

¶10.    Thus, this Court considers whether the circuit court's error was harmless, to the extent that Walters's motion was without substantive merit. *See **Steen v. State***, 933 So. 2d 1052, 1056 (Miss. Ct. App. 2006) (citing ***Puckett v. Stuckey***, 633 So. 2d 978, 980 (Miss. 1993)) ("[w]hile the circuit court may have erroneously based its denial of the petition for post-conviction relief as being time-barred, we are not restricted to the circuit court's reasons for the result it reached").

6

¶11. Mississippi Code Section 99-39-11(2) provides that "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal . . . ." Miss. Code Ann. § 99-39-11(2) (Rev. 2009). Whether or not Walters's post-release supervision was "lawfully revoked" hinges upon whether there was a "sufficient showing" that Walters had violated a condition of thereof. *Alexander v. State*, 667 So. 2d 1, 4 (Miss. 1995). In making that determination, Walters's arrest alone is insufficient, rather there must be "proof of an actual conviction, or that a crime has been committed and that it is more likely than not that [Walters] committed the offense." *Brown v. State*, 864 So. 2d 1058, 1060 (Miss. Ct. App. 2004). The State maintains that:

> [w]hile certainly the basis for the action to revoke post-release supervision arose from the fact that [Walters] had been arrested for grand larceny, it is very clear that revocation was not ordered on the mere fact that [Walters] had been so arrested. *The revocation was ordered in light of [Walters's] agreement to revocation, evidently in return for the State's agreement not to proceed with the grand larceny charge.* In making that agreement – and it should be borne in mind that the prisoner does not say that he did not make that agreement or that it was in somewise defective – [Walters] necessarily admitted having committed grand larceny. This was a sufficient basis on which to revoke his post-release supervision.

(Emphasis added.) This Court agrees. According to the "Agreed Order of Revocation of Post Release Supervision," signed by Walters, he agreed that he had violated Condition (a) of his post-release supervision by "committ[ing] the felony offense" of grand larceny. In exchange for the revocation of post-release supervision and imposition of the fifteen-year sentence on the prior conviction, the State agreed "not to present the [g]rand [l]arceny" charge. Following entry of that agreement, Walters then reversed course, as the State argues,

7

"attempt[ing] to have the benefit of the bargain and to avoid his end of the bargain." Based upon Walters's admission within the "Agreed Order," this Court finds there was a "sufficient showing" that Walters had violated a condition of his post-release supervision. *Alexander*, 667 So. 2d at 4. Accordingly, this Court concludes that the circuit court's denial of Walters's "Motion to Reinstate Probation" was correct, albeit for different reasons than those stated by the circuit court.

## CONCLUSION

¶12. Based upon the aforementioned analysis, this Court affirms the circuit court's denial of Walters's "Motion to Reinstate Probation."

¶13. **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.**