# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00294-COA

JOHNNIE WHEELER A/K/A JOHNNIE E. WHEELER A/K/A JOHNNIE EARL WHEELER          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2014 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHNNIE WHEELER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/05/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Johnnie Wheeler appeals the Lincoln County Circuit Court's denial of his motion for post-conviction relief (PCR) that he filed upon the revocation of his parole. In his PCR motion, Wheeler claims that his parole was unlawfully revoked.

¶2.     The relevant procedural history in this case reflects that, while on parole for a 1970 murder conviction, Wheeler pled guilty on January 15, 2013, to felony shoplifting, and this

felony-shoplifting conviction resulted in the revocation of his parole.[1]  Wheeler argues that

he failed to receive the due process owed him when the parole board revoked his parole.  In

support of his appeal, Wheeler raises the three following assignments of error, arguing that:

(1) his due process was violated because a clerical error existed regarding his name and birth

date; (2) the parole board denied him a preliminary revocation hearing; and (3) the trial court

failed to provide him notice of the date of his evidentiary hearing on his PCR motion.

¶3.     Wheeler fails to present any evidence of the violation of any constitutional right,

whether State or federal, upon which post-conviction relief could be granted.  *See* Miss. Code

Ann. § 99-39-5(1) (Supp. 2014).  We find that section 99-39-5(1)(h) and (2)(b) establishes

the trial court's jurisdiction to consider Wheeler's post-conviction claim that his parole was

unlawfully revoked.  *See Walters v. State*, 21 So. 3d 1166, 68-69 (¶9) (Miss. 2009); *Ragland*

*v. State*, 586 So. 2d 170, 173 (Miss. 1991) (petition challenging legality of parole revocation

was direct attack upon administrative board's order on which there had been no court review;

such challenge was not a collateral attack upon a terminated court case).[2]  Upon review of

---

[1] In 1997, Wheeler was indicted for three separate counts of cocaine possession.  He received a three-year sentence for each conviction, with all three sentences to run concurrently with one another.  The procedural history further reflects that Wheeler filed two appeals prior to the one now before us:  a direct appeal of his 1970 murder conviction (*Wheeler v. State*, 249 So. 2d 652 (Miss. 1971)), and an appeal of the trial court's denial of his PCR motion stemming from his 1997 sale-of-cocaine conviction (*Wheeler v. State*, 903 So. 2d 756 (Miss. Ct. App. 2005)).  Currently before this Court is Wheeler's appeal of the trial court's denial of his PCR motion stemming from a separate felony-shoplifting conviction.

[2] *See also Walker v. State*, 35 So. 3d 555, 559 (¶14) (Miss. Ct. App. 2010); Miss. Code Ann. § 99-39-23(6) (Supp. 2014) (excepting claims of unlawful parole revocation from successive-writ bar provided in section 99-39-23(6)); Miss. Code Ann. § 99-39-5(2)(b) (excepting claims of unlawful revocation of parole from three-year time-bar).  Regarding

this appeal and Wheeler's assignments of error, we affirm the trial court's denial of Wheeler's PCR motion, and in so doing, we find no abuse of discretion in the trial court's determination that Wheeler failed to show a violation of a federal or state right. *See Walters*, 21 So. 3d at 1169-70 (¶11); *Morgan v. State*, 995 So. 2d 787, 790-91 (¶¶8-10) (Miss. Ct. App. 2008).

## FACTS

¶4.     In September 1970, a Lincoln County jury convicted Wheeler of murder, and the trial court sentenced Wheeler to life in the custody of the Mississippi Department of Corrections (MDOC).[3] While still on parole for the 1970 murder, Wheeler was indicted for third-offense shoplifting, a felony, and while in jail awaiting trial on this felony-shoplifting charge, Wheeler's parole officer filed a warrant for a parole violation on January 11, 2013. Wheeler then pleaded guilty to the felony of third-offense shoplifting, and on January 15, 2013, the trial court sentenced Wheeler for this conviction to serve five years in the custody of the MDOC, with the balance suspended for time served, and with four years of post-release

_____

standing and jurisdiction, see Mississippi Code Annotated section 99-39-5(1), which allows any "person" on parole to file a motion for relief from judgment or sentence if claiming the parole was unlawfully revoked or that he is otherwise unlawfully held in custody. *See also Moore v. State*, 587 So. 2d 1193, 1196 (Miss. 1991) (providing that Mississippi Code Annotated section 99-39-23(7) places burden of proof upon petitioner to show that he is entitled to reinstatement of parole); *Williams v. Castillo*, 585 So. 2d 761, 765 (Miss. 1991) (claim of unlawful revocation of parole sufficient to require evidentiary hearing by trial court); *Walters,* 21 So. 3d at 1169-70 (¶11) (Mississippi Supreme Court affirmed the denial of an inmate's motion to reinstate probation because it found a sufficient showing that the inmate violated a condition of his PRS and his agreement as to his violation of probation conditions).

    [3] *Wheeler v. State*, 249 So. 2d 652, 652 (Miss. 1971).

3

supervision.

¶5.     The procedural history reflects that Wheeler's shoplifting conviction constituted the basis upon which his parole was revoked.  *See* Miss. Code Ann. § 47-7-27 (Supp. 2014)[4] (establishing the parole board's authority to immediately revoke parole upon presentation of a certified copy of the commitment order for an offender convicted of a felony while serving parole).  *See also Williams v. State*, 158 So. 3d 309, 311-12 (¶7) (Miss. 2015) (no leave from supreme court required to file an appeal where petitioner is challenging a conviction that has not been appealed).  Wheeler argues, however, that his parole officer unlawfully placed the hold on him by filing the warrant for a probable parole violation upon his indictment for felony shoplifting and that his parole was also unlawfully revoked by the parole board on April 4, 2013.

¶6.     The record reflects that Wheeler's parole officer issued the warrant for a parole violation upon Wheeler's confinement in the Lincoln County jail and that Wheeler was convicted only a few days later upon his plea of guilty.  After a hearing on the matter, the parole board found that pursuant to section 47-7-27, Wheeler violated the terms and conditions of his parole by being convicted of a felony, and therefore revoked his parole on April 4, 2013.

¶7.     On January 31, 2013, Wheeler filed a petition for a writ of habeas corpus,[5] asserting

---

[4] Wheeler's parole was revoked in April 2013.  This statute was amended by the Legislature.  This particular section of the statute is now codified as section 47-7-27(5).

[5] "[Mississippi Code Annotated section] 99-39-3 [(Rev. 2007)] . . . specifically repeals the common-law writs relating to post-conviction collateral relief, such as habeas corpus.  The relief formerly afforded by those writs may now be obtained through a motion

that his right to due process was violated because he did not participate in a preliminary hearing before the parole board. Wheeler also claimed that he was convicted for felony shoplifting under the wrong name. The trial court stated that "the claims raised are properly raised as post-conviction relief, and for that reason, the court will construe the pleading as a motion for post-conviction relief."[6] The trial court held an evidentiary hearing on Wheeler's PCR motion on September 23, 2013, and heard oral argument from Wheeler and from the State. Wheeler's former attorney on the felony-shoplifting charge was also present. The trial court denied Wheeler's request for relief. Wheeler now appeals the trial court's denial of his PCR motion.

## STANDARD OF REVIEW

¶8. "A [trial] court's denial of post-conviction relief will not be reversed absent a finding that the court's decision was clearly erroneous. However, when issues of law are raised, the proper standard of review is de novo." *Morris v. State*, 66 So. 3d 716, 719 (¶13) (Miss. Ct. App. 2011) (footnote and citations omitted).

## DISCUSSION

### I. Clerical Error

¶9. Wheeler's first assignment of error pertains to clerical errors concerning the

---

for post-conviction relief." *Saunders v. State*, 119 So. 3d 1051, 1052 (¶6) (Miss. Ct. App. 2012). Thus, the trial court properly treated Wheeler's petition for a writ of habeas corpus as a PCR motion. *See id*.

[6] The Mississippi Uniform Post–Conviction Collateral Relief Act permits a person sentenced by a Mississippi court to file a motion to assert that his parole was unlawfully revoked. Miss. Code Ann. § 99-39-5(1)(h).

indictment for felony shoplifting that violated his previously imposed parole. The trial court convicted and sentenced him in January 2013 for felony shoplifting upon his plea of guilty. We acknowledge that, in so doing, Wheeler waived the non-jurisdictional clerical errors in his indictment and other motions upon his pleading guilty to the offense.[7] With respect to his claim of a lack of sufficient due process in the revocation of his parole, section 47-7-27 provides that any offender convicted of a felony while on parole shall immediately have his parole revoked upon presentment of a certified copy of the commitment order to the board. As determined by the trial judge, Wheeler does not claim to be wrongfully convicted or misidentified but merely raises clerical errors in his attempt to establish a due-process violation regarding the revocation of his parole.[8]

¶10. Wheeler does not claim he lacked notice of the charges against him or that the State indicted the wrong person. He also raises no challenge to the felony-shoplifting conviction resulting from his guilty plea. Our review of the record also reflects that the motion to

---

[7] Wheeler argues that a clerical error concerning his name and date of birth existed in the January 11, 2013 motion to amend his indictment, as well as in the order used to place a hold on him after his guilty plea. We recognize that the primary purpose of an indictment is to place a defendant on notice of the charges against him so he is able to prepare an adequate defense. *Evans v. State*, 916 So. 2d 550, 551 (¶5) (Miss. Ct. App. 2005).

[8] Additionally, we acknowledge that, when an indictment gives a defendant sufficient notice of the charges against him, minor technical errors are deemed harmless. *Cooper v. State*, 639 So. 2d 1320, 1323 (Miss. 1994); *Brooks v. State*, 573 So. 2d 1350, 1354 (Miss. 1990) (technical and non-jurisdictional deficiencies were waived when the defendant failed to raise them in the lower court). Further, this Court has held that defects in indictments resulting from clerical errors in names, dates of birth, and Social Security numbers are non-jurisdictional. *See, e.g., Evans v. State*, 988 So. 2d 404, 407 (¶¶16-17) (Miss. Ct. App. 2008) (name of defendant in indictment is non-jurisdictional); *Gray v. State*, 926 So. 2d 961, 974 (¶39) (Miss. Ct. App. 2006) (birth date and Social Security number of defendant are non-jurisdictional).

amend the indictment to charge Wheeler as a habitual offender identified Wheeler as "Johnnie Wheeler a/k/a Johnny H. Wheeler." Furthermore, because Wheeler entered a guilty plea, he waived any, and all, potential non-jurisdictional defects. Therefore, this assignment of error lacks merit. *See Brooks*, 573 So. 2d at 1352; *McClurg v. State*, 758 So. 2d 473, 479 (¶17) (Miss. Ct. App. 2000).

¶11. Wheeler's claim that his parole officer unlawfully placed a hold on him while he awaited trial in Lincoln County also lacks merit since section 47-7-27 authorizes the parole board to issue warrants for the return of any paroled offender upon a showing of probable cause, and the section further provides that the offender, pending hearing, shall remain incarcerated. *See Williams v. Castilla,* 585 So. 2d 761, 764 (Miss. 1991) (citing *Moore v. Ruth*, 556 So. 2d 1059, 1061-62 (Miss. 1990), in explaining that parole board is not required to await trial of the defendant on the principal charge before initiating revocation proceedings). A few days after the warrant for the parole violation issued for Wheeler's felony-shoplifting charge, Wheeler pled guilty to that charge on January 15, 2013, and upon conviction, the parole violation was established. *See* Miss. Code Ann. § 47-7-27.

## II. Preliminary Hearing

¶12. Next, Wheeler argues that the trial court denied him a preliminary hearing for his parole revocation. Wheeler contends that a parole officer held Wheeler in jail after he was sentenced for his felony-shoplifting conviction, and then transported Wheeler to the penitentiary without a preliminary hearing. A preliminary hearing is required when a warrant

7

is issued for a probable parole violation. Miss. Code Ann. § 47-7-27.[9] Regarding Wheeler's claim that he was deprived unlawfully of a preliminary parole-revocation hearing, as discussed above, upon Wheeler's felony-shoplifting conviction on January 15, 2013, the parole violation was then established. *See* Miss. Code Ann. § 47-7-27. As previously discussed, the parole board was not required to await his conviction on the felony-shoplifting conviction to initiate revocation proceedings. *See Williams*, 585 So. 2d at 765; *Moore*, 556 So. 2d at 1061-62. Hence, in this case, no error occurred and no federal or state right was violated by the revocation of Wheeler's parole upon Wheeler's conviction for felony shoplifting.

¶13. The trial court's order denying Wheeler's PCR motion reflects that Wheeler provided the trial court with a report from his April 4, 2013 parole hearing, which reflected the parole board's findings and decision to revoke Wheeler's parole. In its order denying Wheeler's PCR motion, the trial court held:

> Having reviewed the file and record, and conferred with the parole board, by and through its employee Kay Washington, the court finds that [Wheeler] has not met his burden to demonstrate that this court has jurisdiction over the matter. [*Wheeler*] *provided the court with a report from his parole hearing held April 4, 2013, in which the parole board found that* [*Wheeler*] *had violated the terms and conditions of his parole, by being convicted of a felony, pursuant to* [*section*] *47-7-27(4)*. Assuming[,] arguendo, the court had jurisdiction over this issue, [Wheeler] has not provided the court with any proof whatsoever[] that the parole board[] or MDOC acted improperly in revoking his parole.
>
> In oral argument, [Wheeler] intimated that his life sentence had expired, and

---

[9] Section 47-7-27 allows the parole board, at any time and upon a showing of probable cause, to issue a warrant for the return of any paroled offender to the custody of the department. *Compare* Miss. Code Ann. § 47-7-27(1).

that MDOC had miscalculated his combined sentences. The court finds that[,] by definition, a life sentence cannot expire, and that [Wheeler] has provided no evidence that he has exhausted the administrative remedies program at MDOC. As such, this court has no jurisdiction over matters of sentence calculation.

Additionally, [Wheeler] claims that he was convicted in 2012-181-LT [(felony shoplifting)] under the wrong name, and therefore he should not be incarcerated. The argument, though convoluted, seems to be that he was convicted under the name, Johnnie H. Wheeler, born April 23, 1951, when his name is actually Johnnie E. Wheeler, born April 22, 1951. [Wheeler] claims that he was denied identification by the Mississippi Department of Transportation [(MDOT)] in the name Johnnie H. Wheeler, on the basis that that person does not exist. [Wheeler]'s logic is that if MDOT says that Johnnie H. Wheeler does not exist, the State is somehow estopped from detaining [Wheeler] in the name of Johnnie H. Wheeler.

If MDOC were holding the wrong Johnnie Wheeler, [Wheeler] would have an excellent claim. However, by his own admission he is not claiming to be wrongfully convicted on the basis of misidentification[;] rather[,] he believes that the mere fact of the clerical error entitles him to relief from his sentence. Furthermore, [Wheeler] was also convicted in the 1970 murder case as Johnnie H. Wheeler. Surely [Wheeler] knew in 1970 whether he was Johnnie H. Wheeler or Johnny E. Wheeler. The [Mississippi Supreme Court] has held that "where a defendant fails to plead that his name is not shown in the indictment before pleading guilty, he waives his right to claim that he was not the person named in the indictment." The court finds that [Wheeler] has, for a very long time, waived any complaint about the misnomer.

(Emphasis added).

¶14. Exclusive power over the granting and revoking of parole is vested in the state's parole board. Miss. Code Ann. § 47-7-27; Miss. Code Ann. § 47-7-5 (Supp. 2014). Section 47-7-27 states, in pertinent part: "An offender convicted of a felony while on parole, whether in the State of Mississippi or another state, shall immediately have his parole revoked upon presentment of a certified copy of the commitment order to the board." Here, the record reflects that Wheeler pleaded guilty to felony shoplifting. *See Walker v. State*, 35

So. 3d 555, 559-60 (¶¶16-17) (Miss. Ct. App. 2010).

¶15.    Upon Wheeler's guilty plea and conviction for shoplifting, the violation was established by his conviction and was no longer merely a probable violation of parole. The parole board possessed statutory authority to then immediately revoke his parole upon presentation of the certified order of commitment. Miss. Code Ann. § 47-7-27. The facts of this case and the trial court's order denying post-conviction relief reflect that the parole board immediately revoked Wheeler's parole upon presentation that Wheeler received a felony conviction while on parole. Nothing in the record reflects that Wheeler's parole was unlawfully revoked or that he failed to receive the due process owed to him pursuant to section 47-7-27.[10] Therefore, this issue lacks merit.[11]

¶16.    Regarding Wheeler's argument of miscalculations of his combined sentences by the MDOC, Wheeler offers no evidence that he exhausted the MDOC's administrative remedies program (ARP). We recognize that, "[i]n the event that the offender has not completed the ARP process, the law provides that: 'No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure.'" *Lee v. Kelly*, 34 So. 3d 1203, 1205-06 (¶¶8-9) (Miss. Ct. App. 2010). *See also* Miss. Code Ann. § 47-5-803(2) (Rev. 2011); *Adams v. Epps*, 900 So. 2d 1210, 1213 (¶12) (Miss. Ct. App. 2005). Accordingly, we affirm the trial court's finding that it lacked jurisdiction on matters

---

[10] *See Walters*, 21 So. 3d at 1169-70 (¶11)*; Morgan*, 995 So. 2d at 790-91 (¶¶8-10).

[11] *See Neal v. State*, 525 So. 2d 1279, 1280-81 (Miss. 1987).

of sentence calculation. However, we find that the trial court possessed jurisdiction over Wheeler's PCR motion, alleging unlawful revocation of his parole, wherein he attacks the sufficiency of due process in the revocation proceedings. *See Ragland*, 586 So. 2d at 173; *see also* Miss. Code Ann. § 99-39-5(1)(h) & (2)(b).

### III. Evidentiary Hearing

¶17. Wheeler claims that the trial court failed to provide him with notice that the date of his PCR evidentiary hearing had moved from September 16, 2013, to September 23, 2013. Wheeler asserts that the change in dates surprised him and prejudiced his defense. Specifically, Wheeler claims that he lacked the ability to call witnesses; that his attorney attended the hearing but did not speak; and that his parole officer failed to attend the hearing.

¶18. The trial court's February 3, 2014 order denying Wheeler's September 27, 2013 motion to amend his PCR affidavit and petition found no prejudice ensued from the change of the evidentiary-hearing date, and provided that:

> Having reviewed the file and record, the court finds that [Wheeler] did not call [his attorney] to testify, despite his presence in the courtroom, did not call any witnesses during the evidentiary hearing, and did not raise the issue of surprise or prejudice, nor did he ask for a continuance.

¶19. As noted, the trial court found that Wheeler possessed the opportunity to call witnesses at the evidentiary hearing, but failed to do so. Clearly, pursuant to Mississippi Code Annotated section 99-39-23 (Supp. 2014), Wheeler possessed the authority to call witnesses and present evidence to the court if he chose to do so.[12] Also, the trial court found

---

[12] *See* Miss. Code Ann. § 99-39-23 (establishing that a hearing shall be held as promptly as practicable; that the parties are entitled to subpoena witnesses; and that the court may receive proof by affidavits, depositions, oral testimony, or other evidence and may have

that Wheeler failed to request a continuance for the trial court's evidentiary hearing, and therefore failed to exercise his rights at his evidentiary hearing and failed to preserve this issue for review. *See Galloway v. State*, 122 So. 3d 614, 640 (¶60) (Miss. 2013). This issue is without merit.

¶20. In conclusion, the record reflects no abuse of discretion in the trial court's finding that Wheeler failed to show a claim of a denial of a state or federal right. *See Walker*, 35 So. 3d at 559-60 (¶¶16-17); *Walters*, 21 So. 3d at 1169-70 (¶11)*; Morgan*, 995 So. 2d at 790-91 (¶¶8-10). We therefore affirm the trial court's denial of Wheeler's PCR motion.

¶21. **THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.**

**IRVING, P.J., BARNES, ISHEE AND JAMES, JJ., CONCUR. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**ROBERTS, J., DISSENTING:**

¶22. The majority affirms the trial court's summary dismissal. I would dismiss for lack of jurisdiction.

¶23. It is fundamental and essential to first determine exactly what conviction and/or sentence a PCR movant is collaterally attacking when he files his PCR motion. Our PCR chapter sets out a uniform and exclusive procedure for the "collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2007). When a movant attacks his conviction or sentence, the act supersedes and replaces post-conviction habeas corpus. *Id.*

---

the petitioner brought before it for the hearing)

The relevant statutory ground for Wheeler's attempted PCR relief is found in Mississippi Code Annotated section 99-39-5(1)(h) (Supp. 2014): "That his sentence has expired; his probation, parole, or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]"

¶24.    So the essential question is this: What conviction or sentence was Wheeler attacking when he filed his post-conviction habeas corpus petition in Lincoln County Circuit Court on January 31, 2013? A factual background is relevant and necessary. On January 11, 2013, Wheeler was in the Lincoln County Jail awaiting his trial on a felony indictment for third-offense shoplifting in cause no. 2012-181-LT. He initially decided to refuse the State's plea offer of five years, with credit for time served, and the balance suspended, and four years of post-release supervision (PRS). In response to his declination, the district attorney filed a motion on January 15, 2013, to amend the indictment to charge violent-habitual-offender status under Mississippi Code Annotated section 99-19-83 (Supp. 2014). The district attorney alleged that Wheeler had been sentenced to life in prison after a murder conviction in 1970 and that he had also been sentenced in 1997 to three years on three separate indictments for cocaine possession, all of which ran concurrently. Now facing the possibility of a life-without-parole sentence for felony shoplifting, Wheeler—not surprisingly—changed his mind and pleaded guilty that very day to the original plea offer. However, his parole officer had issued a warrant for a parole violation, creating a "hold" on Wheeler on January 11, 2013. After accepting the State's plea offer, Wheeler remained in custody on the parole officer's hold.

13

¶25. Prior to the commission of the shoplifting offense, the parole board had released Wheeler on parole for his life sentence for murder. After he pleaded guilty to the shoplifting offense, Wheeler did not go home but was instead held in the county jail. He filed his post-conviction habeas corpus motion on January 31, 2013, while awaiting a revocation hearing before the parole board. Wheeler refused to waive a preliminary revocation hearing because his revocation documents identified him as Johnnie H. Wheeler, born April 23, 1951, when really he was Johnnie E. Wheeler, born April 22, 1951. There is no question that the misidentification was a mere clerical error in the paperwork and that both names identified the appellant. Later, on April 4, 2013, the parole board revoked Wheeler's parole on his life sentence, following the mandate of Mississippi Code Annotated section 47-7-27(4) (Supp. 2012), *amended by* Mississippi Code Annotated section 47-7-24(5) (Supp. 2013), that any offender who is "convicted of a felony committed while on parole . . . shall immediately have his parole revoked[.]"[13] Wheeler had an evidentiary hearing on September 23, 2013, five months after the parole board revoked his parole.

¶26. In his habeas petition and its amendments, Wheeler claimed he is being unlawfully held because he had no preliminary revocation hearing; the documentation used to hold him misidentified him; his constitutional rights were being violated; and the trial judge changed his evidentiary-hearing date on his PCR/habeas corpus petition. In his appellate reply brief, he specifically states that he is challenging his conviction and sentence in Lincoln County

---

[13]According to the Mississippi Parole Board website, Wheeler is not currently in prison but has again been released on parole. Mississippi Parole Board, http://mpb.state.ms.us/inmatedetails.asp?PassedId=32067 (last visited Mar. 10, 2015).

Cause No. 9498, his murder case. He asks that we set aside and vacate that conviction for murder and the resultant sentence. A careful, detailed analysis of the record indicates that Wheeler did not and never has collaterally attacked his felony-shoplifting guilty plea, conviction, or sentence. Even a liberal reading of all his pro se pleadings clearly shows no effort to attack the felony-shoplifting conviction. This history illuminates a basic question: Absent permission from the last court that exercised jurisdiction over Wheeler's murder conviction and sentence, did the trial court have jurisdiction over his PCR motion?

¶27. Wheeler was tried and convicted of murder forty-five years ago in 1970. He was sentenced to life in prison. At that time, he was eligible for parole consideration by the parole board after serving ten years of his sentence. 1964 Miss. Laws, ch. 366 § 1; Miss. Code 1942, § 2217. He appealed his conviction to the Mississippi Supreme Court. However, while his appeal was pending, he escaped. In a written opinion by Presiding Justice Gillespie, the supreme court determined that he had abandoned his appeal, and it was dismissed. *Wheeler v. State*, 249 So. 2d 652, 652 (Miss. 1971). Wheeler was obviously captured sometime later and eventually paroled on his life sentence.

¶28. In Wheeler's PCR motion filed in the Lincoln County Circuit Court, he claims the revocation of his parole for his murder conviction was unlawful. Yet Wheeler presents no order granting him leave to file a PCR motion attacking his murder conviction in the trial court. Mississippi Code Annotated section 99-39-7 (Supp. 2014) mandates: "Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first

15

been presented to a quorum of the Justices of the Supreme Court of Mississippi, . . . and an order granted allowing the filing of such motion in the trial court."

¶29.    Such failure is understandable, since when Wheeler last asked for such permission, it was denied.  In *Wheeler v. State*, No. 2009-M-01201, a quorum of justices denied his request for leave on October 19, 2009.  Yet he filed in the trial court anyway.  Since the trial court was without jurisdiction, on appeal, this Court is also without jurisdiction.  *Wheeler v. State*, 903 So. 2d 756, 758 (¶9) (Miss. Ct. App. 2005); *Cortez v. State*, 9 So. 3d 445, 446 (¶6) (Miss. Ct. App. 2009).   "This Court must be constantly mindful of its jurisdiction to proceed on any matter brought before it. This obligation extends to a duty . . . for the Court to raise jurisdictional issues on its own motion."  *Epps v. State*, 837 So. 2d 243, 245 (¶6) (Miss. Ct. App. 2003) (citing *Donald v. Reeves Transport Co. of Calhoun, Ga.*, 538 So. 2d 1191, 1194 (Miss. 1989)).

¶30.    The majority cites *Walters v. State*, 21 So. 3d 1166 (Miss. 2009), apparently for the proposition that the trial court had exclusive jurisdiction to determine Walters's claim that his parole was unlawfully revoked.  However, Walters pleaded guilty to violating Mississippi Code Annotated section 41-29-313 (Supp. 2004); he had neither a trial on that charge nor did he have a direct appeal to the supreme court.  Thus *Walters* is inapposite and irrelevant to the issue in Wheeler's case.  Our PCR statute quite sensibly requires leave of the supreme court when a petitioner's conviction and sentence have been appealed to the supreme court and there affirmed or the appeal dismissed.  Miss. Code Ann. § 99-39-7.  In 1971, the supreme court dismissed Wheeler's appeal in a written opinion, *Wheeler v. State*, 249 So. 2d 652

16

(Miss. 1971), and the mandate issued. As a consequence, the validity of Wheeler's life sentence for murder was judicially finally determined and put to rest. While it is true that Wheeler's post-conviction habeas/PCR motion does not directly attack the validity vel non of his murder conviction or his life sentence, he does claim that he is being unlawfully held in custody on his life sentence because his parole was allegedly unlawfully revoked. When a petitioner such as Wheeler makes such a claim, our PCR statutes simply make no exception to the requirement that he first obtain permission from the supreme court to file. Since it is clearly undisputed that Wheeler was on parole for life when he committed and pleaded guilty to felony shoplifting and that the parole board revoked his parole upon proof of such conviction and status, I am confident that the supreme court would have denied him leave to file in the trial court and this Court would not be tasked with writing these opinions.

¶31. I would dismiss Wheeler's PCR appeal for lack of jurisdiction.

**LEE, C.J., GRIFFIS, P.J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION.**