ROBERTS, J.,
dissenting:
¶ 22. The majority affirms the trial court’s summary dismissal. I would dismiss for lack of jurisdiction.
¶ 23. It is fundamental and essential to first determine exactly what conviction and/or sentence a PCR movant is collaterally attacking when he flies his PCR motion. Our PCR chapter sets out a uniform and exclusive procedure for the “collateral review of convictions and sentences.” Miss.Code Ann. § 99-39-3(1) (Rev.2007). When a movant attacks his conviction or sentence, the act supersedes and replaces post-conviction habeas corpus. 1 Id. The relevant statutory ground for Wheeler’s attempted PCR relief is found in Mississippi Code Annotated section 99 — 39—5(1)(h) (Supp.2014): “That his sentence has expired; his probation, parole, or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]”
¶ 24. So the essential question is this: What conviction or sentence was Wheeler attacking when he filed his post-conviction habeas corpus petition in Lincoln County Circuit Court on January 31, 2013? A factual background is relevant and necessary. On January 11, 2013, Wheeler was in the Lincoln County Jail awaiting his trial on a felony indictment for third-offense shoplifting in cause no. 2012-181-LT. He initially decided to refuse the State’s plea offer of five years, with credit for time served, and the balance suspended, and four years of post-release supervision (PRS). In response to his declination, the district attorney filed a motion on January 15, 2013, to amend the indictment to charge violent-habitual-offender status under Mississippi Code Annotated section 99-19-83 (Supp.2014). The district attorney alleged that Wheeler had been sentenced to life in prison after a murder conviction in 1970 and that he had also been sentenced in 1997 to three years on three separate indictments for cocaine possession, all of which ran concurrently. Now facing the possibility of a life-without-parole sentence for felony shoplifting, Wheeler — not surprisingly — changed his mind and pleaded guilty that very day to *509 the original plea offer. However, his parole officer had issued a warrant for a parole violation, creating a “hold” on Wheeler on January 11, 2013. After accepting the State’s plea offer, Wheeler remained in custody on the parole officer’s hold.
¶ 25. Prior to the commission of the shoplifting offense, the parole board had released Wheeler on parole for his life sentence for murder. After he pleaded guilty to the shoplifting offense, Wheeler did not go home but was instead held in the county jail. He filed his post-conviction habeas corpus motion on January 31, 2013, while awaiting a revocation hearing before the parole board. Wheeler refused to waive a preliminary revocation hearing because his revocation documents identified him as Johnnie H. Wheeler, born April 23, 1951, when really he was Johnnie E. Wheeler, born April 22, 1951. There is no question that the misidentification was a mere clerical error in the paperwork and that both names identified the appellant. Later, on April 4, 2013, the parole board revoked Wheeler’s parole on his life sentence, following the mandate of Mississippi Code Annotated section 47-7-27(4) (Supp. 2012), amended by Mississippi Code Annotated section 47-7-27(5) (Supp.2013), that any offender who is “convicted of a felony committed while on parole ... shall immediately have his parole revoked[.]”[13] Wheeler had an evidentiary hearing on September 23, 2013, five months after the parole board revoked his parole.
¶26. In his habeas petition and its amendments, Wheeler claimed he is being unlawfully held because he had no preliminary revocation hearing; the documentation used to hold him misidentified him; his constitutional rights were being violat-eá; and the trial judge changed his eviden-tiary-hearing date on his PCR/habeas corpus petition. In his appellate reply brief, he specifically states that he is challenging his conviction and sentence in Lincoln County Cause No. 9498, his murder case. He asks that we set aside and vacate that conviction for murder and the resultant sentence. A careful, detailed analysis of the record indicates that Wheeler did not and never has collaterally attacked his felony-shoplifting guilty plea, conviction, or sentence. Even a liberal reading of all his pro se pleadings clearly shows no effort to attack the felony-shoplifting conviction. This history illuminates a basic question: Absent permission from the last court that exercised jurisdiction over Wheeler’s murder conviction and sentence, did the trial court have jurisdiction over his PCR motion?
¶ 27. Wheeler was tried and convicted of murder forty-five years ago in 1970. He was sentenced to life in prison. At that time, he was eligible for parole consideration by the parole board after serving ten years of his sentence. 1964 Miss. Laws, ch. 366 § 1; Miss.Code 1942, § 2217. He appealed his conviction to the Mississippi Supreme Court. However, while his appeal was pending, he escaped. In a written opinion by Presiding Justice Gillespie, the supreme court determined that he had abandoned his appeal, and it was dismissed. Wheeler v. State, 249 So.2d 652, 652 (Miss.1971). Wheeler was obviously captured sometime later and eventually paroled on his life sentence.
¶ 28. In Wheeler’s PCR motion filed in the Lincoln County Circuit Court, he claims the revocation of his parole for his murder conviction was unlawful. Yet Wheeler presents no order granting him *510 leave to file a PCR motion attacking his murder conviction in the trial court. Mississippi Code Annotated section 99-89-7 (Supp.2014) mandates: “Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, ... and an order granted allowing the filing of such motion in the trial court.”
¶29. Such failure is understandable, since when Wheeler last asked for such permission, it was denied. In Wheeler v. State, No.2009-M-01201, a quorum of justices denied his request for leave on October 19, 2009. Yet he filed in the trial court anyway. Since the trial court was without jurisdiction, on appeal, this Court is also without jurisdiction.. Wheeler v. State, 903 So.2d 756, 758 (¶9) (Miss.Ct.App.2005); Cortez v. State, 9 So.3d 445, 446 (¶ 6) (Miss.Ct.App.2009). “This Court must be constantly mindful of its jurisdiction to proceed on any matter brought before it. This obligation extends to a duty ... for the Court to raise jurisdictional issues on its own motion.” Epps v. State, 837 So.2d 243, 245 (¶ 6) (Miss.Ct.App.2003) (citing Donald v. Reeves Transport Co. of Calhoun, Ga., 538 So.2d 1191, 1194 (Miss. 1989)).
¶ 30. The majority cites Walters v. State, 21 So.3d 1166 (Miss.2009), apparently for the proposition that the trial court had exclusive jurisdiction to determine Walters’s claim that his parole was unlawfully revoked. However, Walters pleaded guilty to violating Mississippi Code Annotated section 41-29-313 (Supp.2004); he had neither a trial on that charge nor did he have a direct appeal to the supreme court. Thus Walters is inapposite and irrelevant to the issue in Wheeler’s case. Our PCR statute quite sensibly requires leave of the supreme court when a petitioner’s conviction and sentence have been appealed to the supreme court and there affirmed or the appeal dismissed. Miss. Code Ann. § 99-39-7. In 1971, the supreme court dismissed Wheeler’s appeal in a written opinion, Wheeler v. State, 249 So.2d 652 (Miss.1971), and the mandate issued. As a consequence, the validity of Wheeler’s life sentence for murder was judicially finally determined and put to rest. While it is true that Wheeler’s post-conviction habeas/PCR motion does not directly attack the validity vel non of his murder conviction or his life sentence, he does claim that he is being unlawfully held in custody on his life sentence because his parole was allegedly unlawfully revoked. When a petitioner such as Wheeler makes such a claim, our PCR statutes simply make no exception to the requirement that he first obtain permission from the supreme court to file. Since it is clearly undisputed that Wheeler was on parole for life when he committed and pleaded guilty to felony shoplifting and that the parole board revoked his parole upon proof of such conviction and status, I am confident that the supreme court would have denied him leave to file in the trial court and this Court would not be tasked with writing these opinions.
¶ 31. I would dismiss Wheeler’s PCR appeal for lack of jurisdiction.
LEE, C.J., GRIFFIS, P.J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION.

. According to the Mississippi Parole Board website, Wheeler is not currently in prison but has again been released on parole. Mississippi Parole Board, http://mpb.state.ms.us/ inmatedetails.asp?PassedId=32067 (last visited Mar. 10, 2015).