CHANDLER, J.,
for the Court.
¶ 1. Johnnie H. Wheeler appeals from the dismissal of his motion for post-conviction relief by the Circuit Court of Lincoln County. Wheeler asserts the following issues on appeal:
I. THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THAT APPELLANT HAD AN ILLEGAL SENTENCE.
II. THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED THE MOTION ON GROUNDS OF “TIME BARRED” BY THE POST-CONVICTION RELIEF ACT.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On February 26, 2004, Wheeler filed a motion for post-conviction relief (PCR) challenging his 1997 conviction and sentence for sale of cocaine, citing Mississippi Code Annotated section 47-7-33 (Rev. 2004). Section 47-7-33 allows a circuit court to “suspend[ ] the imposition of any sentence ... and plac[e] the defendant on probation” if the defendant has no prior felony convictions. Wheeler alleged that he received an illegally suspended sentence for his cocaine sale conviction because he was a prior felon and the circuit court lacked the power to suspend his sentence under § 47-7-33.
¶ 4. The circuit court dismissed Wheeler’s PCR. The court found that Wheeler had been sentenced to three years, with two years to serve and one year to be served on post-release supervision. The court held that a sentence of post-release supervision was not a suspended sentence that was impermissible under § 47-7-33 and, therefore, Wheeler’s sentence was legal. The court further found that Wheeler’s PCR was time-barred.
LAW AND ANALYSIS
¶ 5. The State argues that we must affirm the dismissal of Wheeler’s PCR because the PCR was untimely filed and because Wheeler did not receive an illegal sentence. We agree, but first discuss an additional jurisdictional problem with Wheeler’s PCR that was not addressed by circuit court. Wheeler received the conviction and sentence at issue on August 26, 1997. He received a three year sentence. Therefore, Wheeler should have completed the challenged sentence on August 26, 2000. Wheeler has not provided this Court with any evidence that he is still serving the sentence or allege that he is still serving it. Therefore, we presume that Wheeler is no longer serving the sentence.
¶ 6. Mississippi Code Annotated section 99-39-5(1) (Supp.2004) provides that “[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi who claims (a) that the conviction or the sentence [is erroneous] ... may file a motion....” This language requires that a defendant desiring to attack a conviction and sentence under the post-conviction laws must actually be serving the challenged sentence at the time the PCR is filed. Phillips v. State, 856 So.2d 568, 569(¶ 4) (Miss.Ct.App.2003). Since Wheeler completed his sentence on August 26, 2000, when Wheeler filed the PCR on February 26, 2004, he was no longer in custody under the conviction and sentence. Thus, the circuit court lacked jurisdiction to consider his PCR. Torns v. State, 866 So.2d *758 486, 489(¶ 11) (Miss.Ct.App.2003). Since the circuit court did not have jurisdiction to address Wheeler’s PCR, this Court is also without jurisdiction. Id.
¶ 7. The circuit court correctly-held that Wheeler’s PCR was time-barred. Because Wheeler was convicted pursuant to a guilty plea, he had three years from the entry of judgment of conviction to make a motion for post-conviction relief. Miss.Code Ann. § 99-39-5(2) (Supp.2004). Wheeler’s PCR was filed outside of the three year limitations period and, therefore, it was time-barred. WReeler argued that his claim of an illegal sentence impacted his fundamental rights and excepted his PCR from the time bar pursuant to Nowood v. State, 846 So.2d 1048, 1053(¶ 15) (Miss.2003). The lower court correctly found this argument to be without merit. A sentence of post-release supervision falls under Mississippi Code Annotated section 47-7-34, which provides for post-release supervision as an alternative to probation for prior felons. Gaston v. State, 817 So.2d 613, 619(¶ 20) (Miss.Ct.App.2002). Because Wheeler was sentenced under § 47-7-34, not § 47-7-33, WTheeler’s sentence was not illegal and his fundamental rights were not violated. Id. Thus, his PCR was subject to the time bar.
¶ 8. Finally, the State has brought to our attention that Wheeler filed an earlier motion for post-conviction relief. The State argues that Wheeler’s filing of an earlier PCR foreclosed his current claims from consideration under the successive pleadings bar, which estops a prisoner from filing a second motion for post-conviction relief from a conviction absent certain exceptions. Miss.Code Ann. § 99-39-23(6) (Supp.2004). It appears from the State’s submission that Wheeler’s earlier PCR pertained to a different conviction from the one at bar. Therefore, the PCR sub judice was not an impermissible successive pleading.
¶ 9. Since the circuit court lacked jurisdiction to consider Wheeler’s PCR because Wheeler’s sentence had expired and because the PCR was time-barred, we affirm the dismissal of Wheeler’s PCR.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.