CORRECTED ORDER

GEORGE C. CARLSON, JR., Presiding Justice,
for the Court.
This matter is before the Court on the Motion for Leave to File Successive Peti *23 tion for Post-Conviction Relief filed by counsel for Jan Michael Brawner, Jr. Also before the Court is the Response filed by the State of Mississippi and the Rebuttal filed by Brawner.
Brawner was convicted of four counts of capital murder and was sentenced to death. This Court affirmed the conviction and sentence in Brawner v. State, 872 So.2d 1 (Miss.2004). Brawner’s initial petition for post-conviction relief was denied. Brawner v. State, 947 So.2d 254 (Miss.2006). Brawner’s federal habeas concluded when the United States Supreme Court denied certiorari on May 14, 2012. Brawner v. Epps, — U.S. —, 182 S.Ct. 2375, 182 L.Ed.2d 1025.
In this successive petition, Brawner asserts that trial counsel was ineffective for not presenting evidence in mitigation of sentence and for failing to transcribe the full record. He further asserts that his waiver of mitigation evidence was not knowing, intelligent and voluntary. He also asserts that trial counsel failed to foster an attorney-client relationship and that he was denied effective assistance of post-conviction counsel. These issues have all been previously litigated before in this Court on post-conviction review and in federal habeas corpus proceedings. Brawner v. Epps, 2010 WL 883734 (N.D.Miss.2010). Therefore, the Court finds that these claims have been substantially reviewed in prior proceedings and are now procedurally barred and barred by the doctrine of res judicata.
IT IS THEREFORE ORDERED that the Motion for Leave to File Successive Petition for Post-Conviction Relief filed by counsel for Jan Michael Brawner, Jr., is denied.
SO ORDERED.
TO DENY: WALLER, C.J., CARLSON AND DICKINSON, P JJ, RANDOLPH AND PIERCE, JJ.
CHANDLER, J, OBJECTS WITH SEPARATE WRITTEN STATEMENT, JOINED BY KITCHENS AND KING, JJ.
NOT PARTICIPATING: LAMAR, J.
CHANDLER, Justice,
objecting to the order with separate written statement:
Because the issue of whether a non-lawyer’s purported representation of Brawner during critical stages of the proceedings never has been addressed by this Court and the issue is now clearly before the Court, we would allow Brawner to file a successive motion for post-conviction relief on this issue.
KITCHENS AND KING, JJ, JOIN THIS SEPARATE WRITTEN STATEMENT.