COLEMAN, JUSTICE,
FOR THE COURT:
¶1. A jury convicted Kelvin Jordan of two counts of capital murder in 1996 and determined that he should be sentenced to death for both killings. The Court affirmed the convictions and sentences. Jordan v. State, 728 So.2d 1088 (1999) (Jordan I). Jordan sought post-conviction relief (PCR), and we denied his petition. Jordan v. State, 918 So.2d 636 (Miss. 2005) (Jordan II). He now has filed a successive petition for post-conviction relief in which he argues that his previous attorneys were constitutionally ineffective, that the death sentence is disproportionate, and that the trial judge erred in evidentiary decisions at trial. We hold that all of Jordan’s claims except his claim of ineffective post-conviction relief counsel are barred as untimely, as successive, by res judicata, or a combination of all three. His claim of ineffective assistance of post-conviction relief counsel may not proceed because attorneys are not permitted to raise claims of their own ineffectiveness.
FACTUAL AND PROCEDURAL BACKGROUND
¶2. The facts of the case are set out in Jordan I and Jordan II. Kelvin Jordan and his cousin Frontrell Edwards wanted to go to a football game, but they needed money. They decided to find someone to rob. They realized that they were known in the small town of Pachuta, so they discussed killing the victim in order prevent any identification. Each armed himself with a handgun. They found Tony Roberts at a truck stop and asked him for a ride. Roberts had his two-year-old son Codera Bradley with him in the car. Roberts agreed to give Jordan and Edwards a ride. When Roberts stopped his vehicle on the side of the highway to let them out, Edwards shot Roberts in the face. Roberts got out of the car and Edwards and Jordan both fired their handguns at him again. One of them inflicted a fatal wound to the back of the victim’s head, although it is not known who fired the mortal shot. In any event, Jordan admitted that he shot at Roberts. In separate statements he claimed that he shot at Roberts with his own gun and also with Roberts’s pistol.
113. Jordan helped put the body into the back of the vehicle. He and Edwards drove a short distance down the road and then dragged the body into the woods away from the highway. The two then took the child into the woods and murdered him next to his father, execution style, with a shot to the back of the head. Jordan and Edwards left in Roberts’s car. They later stole the ear’s radio and speakers, Rob *42 erts’s .380 caliber pistol, and other items from the vehicle. They took the car to a dirt pit where they set it on Sre.
¶4. Based on an anonymous phone calls and other tips, officers eventually questioned Jordan and Edwards. Jordan gave several incriminating statements to law enforcement officers. He admitted that he and Edwards had discussed robbing and killing someone. He admitted that he had a .25 caliber pistol with him when he and Edwards confronted Roberts. He also admitted that he had fired two shots at Roberts, but he denied knowing whether his shots struck Roberts. He also confessed that he and Edwards had stolen the car and other items that belonged to Roberts. Jordan showed law enforcement officers where the shooting occurred and he took them to the bodies. He also helped them recover the guns.
¶5. Edwards also gave statements to police. He claimed that he and Jordan both had shot Roberts but that Jordan alone had killed the child.
¶6. In the sentencing phase, the jury found that Jordan had attempted to kill Roberts, that he had intended that both killings take place, and that he had contemplated that lethal force would be used. The jury then found that the aggravating factors outweighed the evidence in mitigation and that Jordan should suffer death on both capital murder counts.
PROCEDURAL BARS
¶7. The mandate in Jordan’s direct appeal issued in 1999. He filed this petition in July 2015. The petition is subject to the one-year time bar. Miss. Code Ann. § 99-39—5(2)(b) (Rev. 2015). See also Havard v. State, 86 So.3d 896, 899 (Miss. 2012). Failing to file a post-conviction claim within the time period amounts to a waiver of relief unless the claim presented meets an exception to the time bar. M.R.A.P. 22(c)(5)(i). Unless Jordan can show that his claims are excepted, the petition is barred. A successive petition for post-conviction relief likewise is barred. Miss. Code Ann. § 99-39-27(9) (Rev. 2015); see also Rowland v. State, 42 So.3d 503, 507 (Miss. 2010). We denied Jordan’s first petition. Jordan II, 918 So.2d 636.
¶8. Finally, certain issues raised in the petition have been raised in prior proceedings. “Rephrasing direct appeal issues for post-conviction purposes will not defeat the procedural bar of res judicata. The Petitioner carries the burden of demonstrating that his claim is not procedurally barred.” Howard v. State, 945 So.2d 326, 353 (Miss. 2006) (quoting Jackson v. State, 860 So.2d 653, 660-61 (Miss. 2003); Lockett v. State, 614 So.2d 888, 893 (Miss. 1992)). In Grayson v. State, 118 So.3d 118 (Miss. 2013), the Court held that the petitioner’s second attempt to argue that trial counsel had been ineffective in presenting in the sentencing phase “has been considered and rejected and, therefore, his claims are barred by the doctrine of res judicata.” Id. at 141. In Brawner v. State, 166 So.3d 22, 23 (Miss. 2012), the Court declined to revisit claims that previously had been addressed. The Court held that “these claims have been substantially reviewed in prior proceedings and are now proeedurally barred and barred by the doctrine of res judicata.”
I. Ineffectiveness of Trial Counsel
¶9. In Jordan II, as quoted above, this Court found that Jordan’s trial court attorneys’ representation at the sentencing phase was constitutionally sufficient. Jordan now seeks to relitigate that claim. He argues that:
Had trial counsel performed them duties in accordance with prevailing standards, by contacting witnesses available and *43 willing to testify, obtaining readily available social and medical history records, and having Kelvin properly evaluated by appropriate experts, the jury would have learned that Kelvin Jordan’s development and journey up to his eighteenth birthday occurred in the context of 1) severe and pervasive organic brain damage that began during Kelvin’s infancy; 2) extremely low intelligence and low intellectual functioning; and 3) severe post-traumatic stress disorder (“PTSD”)....
The claim that trial counsel were ineffective (the first indirect claim) is barred by res judicata. This exact issue was raised in the first petition. It was considered by the Court and rejected. Ineffective assistance of counsel claims in capital cases are subject to the procedural bars. See Grayson v. State, 118 So.3d 118 (Miss. 2013).
¶10. We conclude that the claim as to the trial attorneys’ deficiencies is barred. First, as noted previously, this exact issue has been asked and answered in Jordan II. It is barred by res judicata and as successive. Second, the trial attorneys completed their representation of Jordan in early 1999, Any claim against them could and should have been brought well before now.
II. Ineffectiveness of Post-Conviction Relief Counsel
¶11. Jordan’s claim that his post-conviction relief counsel rendered constitutionally ineffective assistance may not proceed with his current counsel because he cannot claim the attorney who represents him in the current petition was ineffective when the same attorney represented him during the proceedings in question. On February 20, 2003, Louwlynn Williams, who also represents Jordan in the successive petition now pending before the Court, filed an entry of appearance as one of Jordan’s attorneys during his first post-conviction proceedings.
¶12. Williams now comes before the Court arguing her own ineffectiveness, but she may not do so. “[A] self-ineffectiveness claim is absolutely inappropriate and must not be permitted.” Archer v. State, 986 So.2d 951, 956 (¶ 20) (Miss. 2008). It does not matter that Williams now seeks to argue her involvement in the initial proceedings was limited. The Archer Court held that the lead attorney’s performance is imputed to all attorneys involved in the case. Id. at 956-57 (¶ 22) (“[H]is participation in the appellant’s defense at trial regardless of his role, by imputation, ascribes any potential claim of deficient and prejudicial trial performance unto himself as well, and consequently constitutes a self-ineffectiveness claim.”)
III. The Claim that the Death Sentence is Disproportionate
¶13. The Court has determined on two prior occasions that Jordan’s death sentence is not disproportionate. The claim is now barred by res judicata. The mandate in Jordan’s direct appeal issued in March of 1999. Frontrell Edwards pleaded guilty in January 2000. Jordan’s final amended petition for post-conviction relief was filed in March 2004. To the extent that there are new issues here, there is no conceivable reason that these claims could not have been brought well before now.
¶14. Jordan raised the proportionality of his sentence in the direct appeal (Jordan I) and in the initial post-conviction relief action (Jordan II). The Court rejected both challenges. Any question as to the proportionality of the sentences has been asked and answered and now is barred by res judicata. Bishop v. State, 882 So.2d 135, 153 (Miss. 2004); see also Miss. Code Ann. § 99-29-21(3) (Rev. 2015).
*44 IV. The Claimed Error Involving Evi-dentiary Rulings
¶15. Jordan’s claim dealing with certain evidentiary rulings at trial already has been addressed and is precluded. The State argues that these claims are time barred and successive-writ barred. Further, these claims have been addressed and rejected by this Court. They were raised in the initial PCR. In those proceedings, this Court found that these issues were barred for failure to raise them in the direct appeal and also that they were without merit, Jordan II, 918 So.2d at 657. We agree that the claims remain barred.
CONCLUSION
¶16. For the reasons given above, we deny Jordan’s petition.
¶17. LEAVE TO FILE SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF DENIED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, MAXWELL AND BEAM, JJ., CONCUR. KING, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. RANDOLPH, P.J., NOT PARTICIPATING.