# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01437-COA

**JOHNNIE E. WHEELER A/K/A JOHNNIE WHEELER A/K/A JOHNNIE EARL WHEELER**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2018 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHNNIE E. WHEELER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/14/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### McDONALD, J., FOR THE COURT:

¶1.    Johnnie Earl Wheeler appeals from the Lincoln County Circuit Court's dismissal of his motion for post-conviction collateral relief (PCR).  The circuit court dismissed Wheeler's motion because it found that Wheeler had raised his issues in prior filings and that he was precluded from relitigating them under the doctrine of res judicata.  Finding no error by the circuit court, we affirm.

### FACTS

¶2.    Wheeler was sentenced to life imprisonment in 1970 and has been paroled several times.  But, as the circuit court found in one of Wheeler's several post-conviction

proceedings, Wheeler "promptly reoffends each time." He has also filed numerous PCR motions as summarized below, including the one now before us for review.

### 1970 Murder Charge

¶3.     On September 23, 1970, a Lincoln County jury found Wheeler guilty of murder. Because the jury was unable to agree on a punishment, the circuit court sentenced him to life imprisonment. Wheeler challenged his conviction on appeal, but the appeal was dismissed because Wheeler had escaped from jail and was still a fugitive at the time the case was called for hearing. *Wheeler v. State*, 249 So. 2d 652, 652 (Miss. 1971).

### 1997 Cocaine Charges and 2004 PCR Motion

¶4.     At some point, Wheeler was paroled,[1] but in August 1997 he was indicted for three separate counts of cocaine possession. Upon conviction of all counts, Wheeler was sentenced to a total of three years in custody, with two years to serve and one year of post-release supervision.

¶5.     On February 26, 2004, Wheeler filed a PCR motion challenging the 1997 cocaine conviction and sentence. The circuit court denied his PCR motion, and Wheeler appealed. On appeal in *Wheeler v. State*, 903 So. 2d 756 (Miss. Ct. App. 2005), we affirmed the circuit court's denial, pointing out that by the time the PCR motion was filed, Wheeler's sentence should have been over. *Id*. at 757 (¶5). Wheeler provided no proof that he was still in custody. *Id*. At the time, only a prisoner in custody could file a PCR motion.[2] *Id*. at (¶16).

---

[1] The record does not reflect when Wheeler was first paroled.

[2] There has since been a change in the law since 2005 on this issue. In *Howell v. State*, 283 So. 3d 1100, 1104 (¶16) (Miss. 2019), the Mississippi Supreme court determined

Assuming Wheeler was no longer in custody, we found that the circuit court did not have jurisdiction to consider the matter. *Id.* at 758 (¶6). Notwithstanding the lack of jurisdiction, we also pointed out that the circuit court had correctly held that Wheeler's PCR motion was time-barred because it was filed more than three years after his sentence. *Id.* at (¶7).

### *2013 Parole Revocation and PCR Motion*

¶6.     In 2012, when Wheeler had been paroled again, he was arrested and charged with two counts of felony shoplifting. The two shoplifting charges were dismissed in exchange for Wheeler's guilty plea to third-offense felony shoplifting.[3] Because of this felony conviction, the parole board revoked Wheeler's parole in March 2013.

¶7.     Thereafter, Wheeler filed a "Petition for Writ of Habeas Corpus" and a "Motion for Leave to Proceed in Forma Pauperis" in the circuit court, contending that his right to due process had been violated because he did not participate in the preliminary hearing for his parole revocation, that the sentence he was revoked for was "an old sentence that he had already served," and that he was convicted under the wrong name.

¶8.     The circuit court held an evidentiary hearing on September 23, 2013, on Wheeler's motions, hearing arguments from both Wheeler and the State. In its February 3, 2014 written opinion, the court found that the version of Mississippi Code Annotated section 47-7-27(4)

---

that "[s]tanding no longer hinges on the requirement of being 'any prisoner in custody under sentence of a court of record of the State of Mississippi.' Instead, postconviction relief is available to '[a]ny person sentenced by a court of record of the State of Mississippi[.]' Miss. Code Ann. § 99-39-5(1) (Rev. 2015)."

[3] For this shoplifting charge, Wheeler was sentenced to five years with the balance suspended for time served and four years of post-release supervision.

(Supp. 2012) that was in effect at the time mandated that an offender convicted of a felony while on parole shall immediately have his parole revoked. Therefore, the court found that the parole board acted properly. With respect to Wheeler's argument that he should not be incarcerated because he was indicted under the wrong name—Johnnie H. Wheeler instead of Johnnie E. Wheeler—the court noted that Wheeler was convicted in the 1970 murder case as "Johnnie H. Wheeler." The court reasoned that surely Wheeler knew in 1970 whether he was Johnnie H. or Johnnie E. Wheeler. Citing *Richardson v. State*, 769 So. 2d 230, 233 (¶4) (Miss. Ct. App. 2000), which held that "[i]f the defendant fails to plead that his name is not shown in the indictment before pleading guilty, he waives his right to claim that he was not the person named in the indictment," the court found that Wheeler had waived any complaint about the misnomer. The circuit court denied Wheeler any relief. The record does not reflect any appeal of this circuit court decision.

### *2016 Parole Revocation and Motion to Dismiss Revocation Proceedings*

¶9. In November 2014, Wheeler was again released on parole. In January and February 2015, he was again arrested and charged with shoplifting. Because of these pending charges and because of Wheeler's failure to report, residence violations, and curfew violation, the parole board revoked Wheeler's parole on March 19, 2015.

¶10. Wheeler then filed a "Motion to Dismiss Revocation Proceedings" with the circuit court, which reviewed the matter and entered an order on January 4, 2016, dismissing the case for lack of jurisdiction. Wheeler appealed from that decision, and in an order dated March 31, 2016, a three-judge panel of the Mississippi Supreme Court dismissed the matter,

finding that the circuit court's order was not appealable. Order, *Wheeler v. State*, No. 2016-TS-00100 (Miss. Mar. 31, 2016). However, the dismissal was "without prejudice to Wheeler's right to challenge the parole revocation through a petition for post-conviction relief." *Id.*

### 2016 Parole Revocation Challenge Through Writ of Habeas Corpus in the Mississippi Supreme Court

¶11. Thereafter, on April 29, 2016, Wheeler filed a petition for writ of habeas corpus in the supreme court, again challenging the revocation of his parole. Motion, *Wheeler v. State*, No. 2016-M-00621 (Miss. Apr. 29, 2016). In a June 22, 2016 order, the supreme court treated Wheeler's petition as an application for leave to proceed in the circuit court. Order, *Wheeler v. State*, No. 2016-M-00621 (Miss. June 22, 2016). The supreme court dismissed the petition without prejudice for it to be filed in the circuit court. *Id.*

### 2016 Parole Revocation Challenge in the Circuit Court

¶12. Wheeler then filed a "Motion for Declaratory Judgment to Seek This Court's Recommendation for Parole Reinstatement for Failure to Prosecute" in the circuit court.[4] Wheeler again challenged his 2015 parole revocation. On October 17, 2016, the circuit court denied the motion, saying that in 2015, Wheeler had been arrested on shoplifting charges, which Wheeler now claimed he would have not committed had he had proper medical attention. The court found this reason to be "nonsensical, repetitive, and not compelling" and denied the motion. There is no record of Wheeler's appealing of this decision.

### 2016 Petition for Writ of Habeas Corpus in the Circuit Court

---

[4] We consider Wheeler's pleadings, despite how he titled them, as PCR motions.

5

¶13. Wheeler then filed in the circuit court a "Petition for Writ of Habeas Corpus Post-Conviction Relief," challenging his 2015 parole revocation again. In a November 21, 2016 order, the circuit court found that these same issues had been raised in the motion for declaratory judgment, which precluded re-litigation under the doctrine of res judicata, and denied Wheeler's petition. There was no appeal of this court order.

### *2018 PCR Motion in the Circuit Court*

¶14. On May 14, 2018, Wheeler filed the latest PCR motion in the Lincoln County Circuit Court, which he styled "Petition for Post-Conviction Relief," and is the subject of this appeal. Wheeler apparently believed that the filing was authorized by the supreme court order of June 22, 2016. *See supra* ¶11. He again challenged his March 19, 2015 parole revocation, which he alleged violated his Fifth and Fourteenth Amendment rights. He recited his version of the two shoplifting incidents and how on March 18, 2015, he was served with a Mississippi Department of Corrections (MDOC) Violation Report Form on which he noted that he wanted a preliminary hearing and that he had witnesses. He was also served with a warrant for his arrest as a parolee offender. On that same day, his parole officer conducted a "Pre-Revocation Interview." The officer noted on the form memorializing this interview that Wheeler requested a preliminary hearing and had witnesses to present.

¶15. Continuing with the specifics of his 2015 parole violation, Wheeler said that on March 19, 2015, he was brought to Hinds County to attend a hearing before the parole board concerning the matter. The parole board revoked Wheeler's parole, noting that his time to serve was now "Full Term," which meant that he would henceforth be serving out his life

6

sentence without eligibility for parole. Concerning his parole revocation, Wheeler alleged, among other things, that his due process rights were violated when fabricated charges of felony shoplifting were lodged against him, when he was deprived of a probable cause hearing, when there was no evidence to support the felony shoplifting charges, when the revocation hearing was not held in Lincoln County where his witnesses could testify, and when he had no chance to hire an attorney because he had no prior notice of the revocation hearing. Wheeler provided an MDOC document entitled "Rights of Parolee in Revocation Process" provided to him on February 9, 2015, which lists the rights that he claims were violated. Wheeler's May 14, 2018 PCR motion does not reflect that the MDOC was sent a copy or given notice of Wheeler's filing.

¶16. On November 20, 2018, Wheeler filed a mandamus petition with the supreme court, stating that his PCR motion had been on file for more than six months with no action. Wheeler asked the supreme court to compel the circuit court to render a decision. Wheeler served the Attorney General with a copy of this petition.

¶17. Coincidentally, on that same day, November 20, 2018, the circuit court ruled on Wheeler's PCR motion. The circuit court noted Wheeler's prior filings of a "Petition for Habeas Corpus/Post Conviction Relief," *see supra* ¶13, and a "Motion for Declaratory Judgment to Seek This Court's Recommendation for Parole Reinstatement for Failure to Prosecute," *see supra* ¶12, in which Wheeler raised issues identical to those in the current filing. The court noted that it had denied the request to overrule the decision of the parole board, and therefore, under the doctrine of res judicata, the issues could not be re-litigated.

7

The court dismissed the PCR motion. From this order, Wheeler appeals.

¶18. Before discussing the merits of Wheeler's appeal, we also note that he has recently filed two other pleadings with the supreme court. On October 9, 2018, Wheeler filed an "Application for Leave to Proceed in the Trial Court" on another "Petition for Post-Conviction Relief." Motion, *Wheeler v. State*, No. 2018-M-01437 (Miss. Oct. 9, 2018). In this application, Wheeler contended he was not properly indicted for the 1970 murder, and therefore his conviction and sentence are illegal. Further, he claimed he was not afforded an initial appearance or a preliminary hearing. On November 1, 2018, a panel of the supreme court found that the claim was time-barred and/or waived and that it failed to meet any exceptions thereto. The panel denied the "Application for Leave to Proceed in the Trial Court." Order, *Wheeler v. State*, No. 2018-M-01437 (Miss. Nov. 1, 2018). The panel further warned Wheeler that future filings deemed frivolous may result in monetary sanctions and restrictions on filing further PCR motions. *Id.*

¶19. On January 29, 2019, Wheeler filed a "Motion to Vacate, Set Aside Judgment and Sentence" in the supreme court. Motion, *Wheeler v. State*, No. 2019-M-00389 (Miss. Jan. 29, 2019). Wheeler challenged his murder conviction on the basis of defects in his indictment—i.e., the indictment was not signed by the clerk, was not file-stamped, and contained other alleged defects. Citing to its November 1, 2018 order in *Wheeler v. State*, No. 2018-M-01437, a panel of the supreme court noted that these claims had already been found to be time-barred and/or waived. Order, *Wheeler v. State*, No. 2019-M-00389 (Miss. Mar. 21, 2018). The panel found that Wheeler's claims had no arguable basis to warrant

relief from the procedural bars and dismissed the motion. Wheeler moved for rehearing, which was denied on April 11, 2019. On May 14, 2019, Wheeler filed an "Application for Leave to Proceed in the Trial Court" in that same cause number. In an order filed on July 25, 2019, another panel of the supreme court found that the application that challenged Wheeler's murder conviction and sentence was time-barred, successive-writ barred, and barred by res judicata. Order, *Wheeler v. State*, No. 2019-M-00389 (Miss. July 25, 2019). The panel also found the filing to be frivolous. *Id.*

## STANDARD OF REVIEW

¶20. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Turner v. State*, 286 So. 3d 668, 671 (¶8) (Miss. Ct. App. 2019); *West v. State*, 226 So. 3d 1238, 1239 (¶3) (Miss. Ct. App. 2017).

## DISCUSSION

¶21. As discussed below, the circuit court's denial of Wheeler's challenges to his murder conviction and 2015 parole revocation must be affirmed because Wheeler had not obtained permission from the Mississippi Supreme Court before proceeding and because his claims were previously decided and are barred by the doctrine of res judicata and the successive-writ bar.

¶22. The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides "an exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2015). A PCR motion is to be "filed as an original civil

9

action in the trial court" except in cases where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed. Miss. Code Ann. § 99-39-7 (Rev. 2015). In such instances, the motion "shall not be filed in the trial court" but must first have been presented "to a quorum of Justices of the Supreme Court of Mississippi . . . and an order granted allowing the filing of such motion in the trial court." *Id.*

¶23. A movant is obligated to file his PCR motion within three years of the entry of the judgment of his conviction or when a movant's direct appeal has been decided. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). There are statutory exceptions to the three-year statute of limitations for filing a PCR motion, including (1) "an intervening decision of the Supreme Court of either the State of Mississippi or the United States [that] would have actually adversely affected the outcome of his conviction or sentence"; (2) new evidence not reasonably discoverable at trial; or (3) the sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶24. Violations of four types of fundamental rights also survive PCR procedural time-bars: "(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Putnam v. State*, 212 So. 3d 86, 92 (¶16) (Miss. Ct. App. 2016). But this is not an exhaustive list. The recent order in *McCoy v. State*, No. 2017-M-01735, 2019 WL 1578752, at *1 (Miss. Mar. 26, 2019), illustrates that "ineffective assistance of counsel can constitute an exception to the waiver and successive-writ bars." Denial of constitutional rights may also be raised, but "mere assertions of constitutional-rights violations do not suffice to

10

overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011). "There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id.* The burden of proving that one of these exceptions applies is on the movant. *Brandon v. State*, 108 So. 3d 999, 1004 n.3 (Miss. Ct. App. 2013).

¶25. The UPCCRA also imposes a bar against successive writs, stating:

> any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.

Miss. Code Ann. § 99-39-23(6) (Rev. 2015). A movant is granted one bite at the apple, so he must "place before the court all claims known to him and/or of which he should have had knowledge." *Salter v. State*, 184 So. 3d 944, 951 (¶24) (Miss. Ct. App. 2015). "The failure to do so results in a loss of his claims for a second or successive petition." *Id.* We recently reiterated this principle in *Hays v. State*, 282 So. 3d 714 (Miss. Ct. App. 2019). There Hays presented a claim that he was charged with grand larceny based upon an affidavit for petit larceny. *Id.* at 716 (¶3). But because he had presented that same claim in a prior PCR motion, we found it was barred as impermissibly successive. *Id.* at 719 (¶16). The successive-writ bar does not prohibit PCR motions that raise fundamental-rights violations for the first time. *White*, 59 So. 3d at 636 (¶¶11-12). However allegations of violations must be supported by sufficient evidence. *Id.*

¶26. In the case at hand, Wheeler's claims are unauthorized, time-barred, successive-writ barred, and barred by the doctrine of res judicata, and the circuit court did not err in dismissing Wheeler's PCR motion.

11

## I.      Wheeler's Challenges to His Murder Conviction and Sentence

¶27.    In his instant PCR motion filed in the circuit court on May 14, 2018, Wheeler claimed that his murder conviction and sentence were illegal because they were based on an allegedly defective indictment.  But because Wheeler had challenged his murder conviction on appeal, he was required to obtain the supreme court's approval before filing his PCR motion in the circuit court under section 99-39-7.  Wheeler did not do this.  Only after he filed his PCR motion in the circuit court did Wheeler file two applications with the supreme court seeking leave to do so.  Motion, *Wheeler v. State*, No. 2018-M-01437 (Miss. Oct. 9, 2018); Motion, *Wheeler v. State*, No. 2019-M-00389 (Miss. May 14, 2019).  Two different panels of the supreme court denied his requests.  Therefore, the circuit court had no jurisdiction to consider this claim.[5]  In a similar case, *Taylor v. State*, 218 So. 3d 1054, 1058 (¶14) (Miss. Ct. App. 2019), we said:

> We recognize that errors affecting fundamental rights are excepted from the UPCCRA's procedural bars.  But even these exceptions may only be raised after first obtaining permission from the supreme court to file the appropriate motion.  Here the record reflects that Taylor has raised none of these exceptions in his filing with the court and, more importantly, he failed to obtain permission to file it in the first place.

(Citations omitted).  A similar result is reached in this case.  Wheeler filed his latest PCR motion concerning his murder conviction with the circuit court on May 14, 2018, without

---

[5] The last order from the supreme court that stated Wheeler could file a PCR motion was issued on March 31, 2016, in cause number 2016-TS-00100.  In that order, the court dismissed Wheeler's "Motion to Dismiss Revocation Proceedings," but the dismissal was "without prejudice to Wheeler's right to challenge the parole revocation through a petition for post-conviction relief."  Order, *Wheeler v. State*, No. 2016-TS-00100 (Miss. Mar. 31, 2016).  Nothing in that order gave Wheeler leave to file a PCR motion challenging his murder conviction.

obtaining prior supreme court approval to do so. Thus, the circuit court lacked jurisdiction to consider Wheeler's arguments on those issues.

¶28. Second, Wheeler's claims fail because the Mississippi Supreme Court has specifically considered Wheeler's arguments relating to his murder conviction twice before and denied him relief. On October 9, 2018, Wheeler filed an "Application for Leave to Proceed in the Trial Court" in the supreme court in case number 2018-M-01437, claiming the indictment was defective and raising other due process violations, such as not being afforded an initial appearance or preliminary hearing. Finding that Wheeler's claims were time-barred and/or waived and failed to meet any exception, the supreme court panel denied Wheeler's request to file a PCR motion on those issues. On January 29, 2019, Wheeler then filed a "Motion to Vacate, Set Aside Judgment and Sentence" in the supreme court in case number 2019-M-00389. Wheeler raised defects in the murder indictment again. Citing the November 1, 2018 order, another panel of the supreme court found Wheeler's claims time-barred and/or waived and denied the motion on April 11, 2019. Bound by these supreme court rulings, had the circuit court had jurisdiction, it was correct in finding that Wheeler's PCR claims relating to his murder conviction and sentencing were time-barred or waived.

## II. Wheeler's Challenge to His 2015 Parole Revocation

¶29. Wheeler's May 2018 PCR challenge to his 2015 parole revocation was not his first. The supreme court's March 30, 2016 order in *Wheeler v. State,* No. 2016-TS-00100, and its June 22, 2016 order in *Wheeler v. State*, No. 2016-M-00621, technically authorized Wheeler to file a PCR motion concerning his 2015 parole revocation. Thereafter, while not styled as

13

such, Wheeler subsequently filed a "Motion for Declaratory Judgment to Seek This Court's Recommendation for Parole Reinstatement for Failure to Prosecute," in which he challenged his 2015 parole revocation. On October 17, 2016, the circuit court denied Wheeler's motion, and there is no record of Wheeler's appealing from this decision.

¶30. Wheeler also challenged the 2015 parole revocation in a separately filed "Petition for Writ of Habeas Corpus Post-Conviction Relief" sometime thereafter. In a November 21, 2016 order, the circuit court found that these same issues had been raised in the motion for declaratory judgment, which precluded re-litigation under the doctrine of res judicata, and denied Wheeler's petition. Wheeler did not appeal from this court order either.

¶31. Because of these prior rulings, Wheeler's challenges to his 2015 parole revocation in the appeal of the denial of his current PCR motion are successive-writ barred and barred by the doctrine of res judicata. As discussed earlier, a "second or successive" motion brought under the UPCCRA is presumptively barred under the law unless one of the statutory exceptions is pled and proved. Miss. Code Ann. §§ 99-39-23(6) & -27(9) (Rev. 2015). Even if a statutory exception is raised, it may be precluded if it was previously pled and decided. In *Jordan v. State*, 213 So. 3d 40 (Miss. 2016), Jordan was tried and convicted, and Jordan challenged his death sentence on appeal. *Id*. at 41 (¶1). The appellate court affirmed his conviction. *Id.* Thereafter, Jordan initially sought post-conviction relief in 2005, raising constitutionally ineffective assistance of counsel as an issue. *Id.* at 42-43 (¶9). This first PCR motion was denied. *Id*. at 41 (¶1). Jordan filed a second PCR motion in which he claimed, among other things, that his trial counsel was ineffective. *Id.* at 42-43 (¶9). The

14

trial court and the Mississippi Supreme Court rejected Jordan's PCR claim on this issue, stating:

> We conclude that the claim as to the trial attorneys' deficiencies is barred. First, as noted previously, this exact issue has been asked and answered in *Jordan II.* It is barred by res judicata and as successive.

*Id*. at 43 (¶10).[6]

¶32. In the case at hand, Wheeler identified in his PCR motion several due process violations that allegedly occurred during the revocation of his parole. But the circuit court specifically found that Wheeler had raised these issues in prior filings, explaining, "In both motions, *Mr. Wheeler raises issues identical to those in the instant motions*, requesting that this court overturn the Parole Board's decision to revoke his parole." (Emphasis added).[7] While the record before us does not contain these prior motions and only the court rulings on them, we find no basis to disagree with the circuit court's findings that these issues that deal with fundamental rights were previously considered by the court and rejected.

---

[6] We note that the supreme court previously held in *Fluker v. State*, 170 So. 3d 471, 475 (¶9) (Miss. 2015), that

> the common-law doctrine of res judicata does not apply to post-conviction claims of constitutional dimensions. Rather, res judicata concerns attendant to a successive motion for PCR are governed by the statutory successive-pleadings bar. Therefore, this issue is properly resolved by applying the statutory successive pleadings bar, not res judicata.

*Fluker* has not been overruled; however, a year later in *Jordan*, the supreme court cited both res judicata and the successive-writ bar as the basis for rejecting a repeated fundamental rights claim in a subsequent PCR claim. *Jordan*, 213 So. 3d at 43 (¶10).

[7] The referenced motions are Wheeler's "Petition for Habeas Corpus/Post Conviction Relief" and "Motion for Declaratory Judgment to Seek This Court's Recommendation for Parole Reinstatement for Failure to Prosecute."

¶33.　As we have pointed out above, *see supra* ¶25, a supported claim of a fundamental-rights violation is excepted from the statutory three-year procedural bar.[8]　But even such a claim can be barred if it has already been presented and ruled upon by the court.　A defendant cannot repeatedly raise the same fundamental-rights violation that has already been decided by the courts.　We cannot agree, then, with Judge McCarty's partial dissent that would allow individuals to file an unlimited number of PCR motions claiming the same constitutional violation, which would require the courts to consider them, even though previously decided, simply because a fundamental-rights violation is raised.[9]

¶34.　In this case, because Wheeler's challenge to his 2015 parole revocation has been substantively reviewed and decided in prior proceedings, it is now procedurally barred whether by the successive-writ bar or by the doctrine of res judicata.

## CONCLUSION

¶35.　Because the claims raised by Wheeler in his current PCR motion have been previously raised and decided, we affirm the circuit court's dismissal of Wheeler's PCR motion.

¶36.　**AFFIRMED.**

---

[8] Even if a fundamental-rights violation is raised, permission from the supreme court must still be obtained if a movant has previously appealed his case.

[9] The partial dissent points out that the Mississippi or United States Supreme Courts may at any time expand the definition of a defendant's constitutional rights, as did the court in *Strickland v. Washington*, 466 U.S. 668 (1984).　However, Mississippi Code Annotated section 99-39-5(2)(a)(i) has provided for such a situation and already extends the three-year bar when there is "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of a defendant's conviction or sentence."　It goes without saying that a PCR motion based on such a change in the law would not be barred.

16

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL AND LAWRENCE, JJ., CONCUR. C. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.**

**McCARTY, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶37.    Claims alleging violations of fundamental rights are never barred by the doctrine of res judicata. "[N]either the common law or our own constitutional law applies the doctrine of res judicata to constitutional claims." *Smith v. State*, 149 So. 3d 1027, 1032 (¶9) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017). Our Supreme Court first held in *Rowland v. State,* 42 So. 3d 503, 507 (¶12) (Miss. 2010), that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA."

¶38.    Our Court has further explained that "res judicata is a procedural bar that *can be overcome* by claiming a fundamental constitutional-right violation." *Jones v. State*, 174 So. 3d 902, 906 (¶9) (Miss. Ct. App. 2015) (emphasis added). Further, "no discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars." *Rowland*, 42 So. 3d at 507 (¶11).

¶39.    As the majority points out, our precedent is clear that "the common-law doctrine of res judicata does not apply to post-conviction claims of constitutional dimensions." *Fluker v. State*, 170 So. 3d 471, 475 (¶9) (Miss. 2015). The majority is also correct in noting *Fluker* has not been overruled. While in *Jordan v. State*, 213 So. 3d 40 (Miss. 2016), the Mississippi Supreme Court did include dicta about res judicata, the difference between that case and this

17

one is stark—it involved the death penalty. *Id*. at 41-42 (¶¶1, 7-8). This case does not.

¶40. The proper route is to continue to review these claims as they are made, which scarcely takes more effort than forcing a procedural bar into place to prevent them. There is an important reason why this is the more just route: our view of constitutional rights develop over time.

¶41. For instance, it is now bedrock law that "the proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Yet until then, the United States Supreme Court had only "indirectly recognized" the Sixth Amendment right in that fashion, even though the various federal appeals courts had already reached the same conclusion. *Id*. This is now the familiar standard used in our courts and others, but it was not set in concrete until that opinion in 1984.

¶42. Valid claims for relief based upon constitutional rights should not fall victim to a rote procedural bar. For instance, a PCR motion filed in 1983 based on ineffective assistance of counsel might have been found meritless, and properly so, under the law as it was applied at the time. Yet a successive PCR motion on the same claim filed two years later would come under the auspices of *Strickland*, which would have allowed a claim where one was previously barred. This is exactly why res judicata should not bar claims for constitutional rights, even when they appear to be repetitive or redundant. The Constitution demands more, and we owe all Mississippians that effort.

¶43. The majority has decided to impose a res judicata bar to Wheeler's constitutional-rights claims. Because these claims are specifically excepted from the procedural bar, and

must be, I respectfully concur in part and dissent in part.