Serial: **259257**

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 2024-DR-01386-SCT

*CHARLES RAY CRAWFORD A/K/A CHUCK*                                    *Petitioner*
*CRAWFORD A/K/A CHARLES CRAWFORD*

**FILED**

*v.*

SEP 1 2 2025

*STATE OF MISSISSIPPI*                                                *Respondent*

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

## ORDER

This matter is before the Court on the Petition for Post-Conviction Relief and the

Motion for Oral Argument filed by Charles Ray Crawford. Also before the Court is the

Motion to Dismiss filed by the State of Mississippi

The direct appeal of Crawford's conviction and sentence of death was affirmed in

*Crawford v. State*, 716 So. 2d 1028 (Miss. 1998). Crawford's first petition for post-

conviction relief was denied in *Crawford v. State*, 867 So. 2d 196 (Miss. 2003). His second

petition for post-conviction relief was also denied. *Crawford v. State*, 218 So. 3d 1142

(Miss. 2016).

Now before the Court is Crawford's third petition for post-conviction relief. In

response, the State maintains that each of Crawford's claims is barred at this point and that

the petition should be dismissed.

Leave to proceed should be granted only if Crawford's petition, exhibits, and the prior

record show that the claims are not barred and that they "present a substantial showing of the

denial of a state or federal right[.]" Miss. Code Ann. § 99-39-27(5) (Rev. 2020); *see also* ***Ronk v. State***, 267 So. 3d 1239, 1247 (Miss. 2019). "Direct appeal [is] the principal means of reviewing all criminal convictions and sentences . . . ." Miss. Code Ann. § 99-39-3(2) (Rev. 2020). Review at this stage, with certain exceptions, is limited to issues that could not or should not have been reviewed at trial and in the direct appeal. Miss. Code Ann. § 99-39-3(2) (Rev. 2020); ***Moffett v. State***, 351 So. 3d 936, 942 (Miss. 2022); ***Brown v. State***, 798 So. 2d 481, 491 (Miss. 2001).

The petitioner must overcome several procedural or substantive bars. First, the mandate in Crawford's direct appeal issued in 1998. The petition now before the court was filed in December of 2024. This filing is subject to the one-year time bar. Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2020); see also ***Brown v. State***, 306 So. 3d 719, 729 (Miss. 2020); ***Jordan v. State***, 213 So. 3d 40, 42 (Miss. 2016); ***Havard v. State***, 86 So. 3d 896, 899 (Miss. 2012). Unless Crawford shows that his claims are excepted, the petition is barred as untimely.

Second, as noted previously, Crawford has filed two prior petitions for post-conviction relief. The claims raised in each were denied. The current pleading is subject to the successive writ bar set out in Mississippi Code Section 99-39-27(9) (Rev. 2020). Unless there is an applicable exception, a successive motion for post-conviction relief is procedurally barred. ***Smith v. State***, 410 So. 3d 1066, 1067 (Miss. 2025). Unless Crawford meets an exception to the successive writ bar, his claims are precluded at this stage.

Crawford's primary claim at this point is that the United States Supreme Court's decision in *McCoy v. Louisiana*, 584 U.S. 414, 138 S. Ct. 1500, 200 L. Ed. 2d 821 (2018), amounts to an intervening decision and that he thus meets an exception to the bars. *See* Miss. Code Ann. § 99-39-5(2)(a)(i) (Rev.2020); Miss. Code Ann. § 99-39-27(9) (Rev. 2020). We first note that Crawford waited seven years to file this claim after the decision in *McCoy* was issued. He makes no effort to argue why this claim could not have been brought sooner. *See Moffett v. State*, 351 So. 3d 936, 944 (Miss. 2022) ("Such delays should not be tolerated."). We further find that Crawford has not shown that *McCoy* should be given retroactive effect. We conclude that no relief is warranted.

Crawford also presents several affidavits. These affidavits were executed more than a year before the petition was filed but were not presented to this Court until the State filed its motion to set an execution date. Further, Crawford has made no showing that the information in those affidavits could not have been presented at trial or in the initial petition. Again, this delay should not be condoned. After a full review of the affidavits and the related claims, the Court finds that Crawford has not made a substantial showing of the denial of a state or federal right and that no relief should be granted.

After a complete review of Crawford's petition, we find that all of the claims now before the Court are barred and that the State's motion to dismiss should be granted. Notwithstanding the bars, we find that the petition is without merit.

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by the State of Mississippi is granted.

IT IS FURTHER ORDERED that the Petition for Post-Conviction Relief filed by Charles Ray Crawford is dismissed.

IT IS FURTHER ORDERED that the Motion for Oral Argument filed by Crawford is denied.

SO ORDERED, this the 12ᵗʰ day of September, 2025.

_____
T. KENNETH GRIFFIS, JR., JUSTICE

RANDOLPH, C.J., COLEMAN, P.J., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, AND BRANNING, JJ., CONCUR.

KING, P.J., CONCURS IN RESULT ONLY.

SULLIVAN, J., NOT PARTICIPATING.