Serial: **258402**

IN THE SUPREME COURT OF MISSISSIPPI

No. 2025-DR-00129-SCT

*LESLIE GALLOWAY, III A/K/A LESLIE*                                    *Petitioner*
*GALLOWAY A/K/A LESLIE "BO"*
*GALLOWAY, III*

*v.*

*STATE OF MISSISSIPPI*                                                 *Respondent*

## EN BANC ORDER

Before the Court, en banc, is the Motion for Leave to File Successive Petition for Post-Conviction Collateral Relief, filed by counsel for Leslie Galloway, III. The State subsequently filed a motion to dismiss Galloway's successive post-conviction filing, to which Galloway filed a response.

In 2010, Galloway was convicted and sentenced to death by lethal injection by a Harrison County jury of his peers for the capital murder of Shakeylia Anderson. *Galloway v. State*, 122 So. 3d 614, 625 (Miss. 2013). The Court affirmed Galloway's conviction and sentence on direct appeal. *Id.* at 682. Galloway's first petition for post-conviction collateral relief was denied by the Court in *Galloway v. State*, 374 So. 3d 452 (Miss. 2023).

Now before the Court is Galloway's second petition for post-conviction collateral relief. Leave to proceed should be granted only if Galloway's petition, exhibits, and the prior record show that his claims are not procedurally barred and that they "present a substantial showing of the denial of a state or federal right[.]" Miss. Code Ann. § 99-39-27(5) (Rev.

2020); *see also Ronk v. State*, 267 So. 3d 1239, 1247 (Miss. 2019). "Direct appeal [is] the principal means of reviewing all criminal convictions and sentences . . . ." Miss. Code Ann. § 99-39-3(2) (Rev. 2020). Review at this stage, with certain exceptions, is limited to issues that could not or should not have been reviewed at trial and in the direct appeal. *Id.*; *Moffett v. State*, 351 So. 3d 936, 942 (Miss. 2022); *Brown v. State*, 798 So. 2d 481, 491 (Miss. 2001).

Galloway must overcome several procedural or substantive bars. First, the mandate in Galloway's direct appeal issued on October 13, 2013. Galloway's successive petition was filed on February 6, 2025. This filing is subject to the one-year time bar. Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2020); *see also Brown v. State*, 306 So. 3d 719, 729 (Miss. 2020); *Jordan v. State*, 213 So. 3d 40, 42 (Miss. 2016); *Havard v. State*, 86 So. 3d 896, 899 (Miss. 2012). Unless Galloway can show that his claims are excepted, the petition is barred as untimely.

Second, as mentioned above, Galloway has filed a previous petition for post-conviction collateral relief. The claims raised in that petition were ultimately denied or dismissed. The petition now before the Court is subject to the successive-writ bar set out in Mississippi Code Section 99-39-27(9) (Rev. 2020). "Absent an applicable exception, a successive motion for post-conviction relief is procedurally barred." *Brown*, 306 So. 3d at 729. Unless Galloway meets an exception to the successive-writ bar, his claims are precluded at this point.

Third, Galloway is prohibited from reraising claims that have been addressed in prior proceedings. "The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal." Miss. Code Ann. § 99-39-21(3) (Rev. 2020). "Res judicata also extends to those claims that could have been raised in prior proceedings but were not." *Ambrose v. State*, 323 So. 3d 482, 493 (Miss. 2021) (internal quotation marks omitted) (quoting *Brown*, 306 So. 3d at 730).

One of the exceptions to the time bar and the successive-writ bar are those cases in which a petitioner can demonstrate "that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence . . . ." Miss. Code Ann. §§ 99-39-5(2)(a)(i), -27(9) (Rev. 2020). Galloway seeks to revisit the issue regarding the Sixth Amendment Confrontation Clause he raised on direct appeal. He asserts that the United States Supreme Court opinion in *Smith v. Arizona*, 602 U.S. 779, 144 S. Ct. 1785, 219 L. Ed. 2d 420 (2024), is an intervening case.[1] After a thorough review of Galloway's claim, we find that the intervening-decision exception affords Galloway no relief, as *Smith* is not an intervening case. Further, assuming *arguendo*, if *Smith* were an intervening case, we find

---

[1]At the time Galloway filed his successive post-conviction petition, his federal habeas corpus petition was pending in the United States District Court for the Southern District of Mississippi, Southern Division, case number 1:24-cv-121-CWR. The federal district court denied Galloway's request to stay his federal habeas corpus proceedings, specifically finding that *Smith* does not apply retroactively. Memorandum Opinion and Order, *Galloway v. Cain*, No. 1:24-cv-121-CWR (S.D. Miss. Jan. 29, 2025) ("[I]f the Court assumes that *Smith* announced a new rule of criminal procedure and that a retroactive change in the law applicable to one of a petitioner's claims can provide good cause for a *Rhines [v. Weber*, 544 U. S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)] stay, . . . a stay is still unavailable here because *Smith* does not apply retroactively.").

3

that it would not apply retroactively. Because Galloway has failed to demonstrate an exception, his successive petition is barred by time, res judicata, and as a successive writ. *See* Miss. Code Ann. §§ 99-39-5(2)(b), -21(3), -27(9) (Rev. 2020). Notwithstanding the bars, the Court finds no merit to Galloway's claim. Accordingly, we find that the State's motion to dismiss the successive petition should be granted.

IT IS, THEREFORE, ORDERED that the Motion to Dismiss Galloway's Succesive Motion for Leave to Proceed in the Trial Court with Petition for Post-Conviction Relief is granted.

SO ORDERED, this the 11th day of September, 2025.

_____
DAVID P. SULLIVAN, JUSTICE
FOR THE COURT


TO GRANT: ALL JUSTICES.

1