Electronic Document     Jan 29 2026 15:35:43     2017-DR-01373-SCT     Pages: 5

Serial: 260384

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2017-DR-01373-SCT

*XAVIER BROWN*                                                                 *Petitioner*

*v.*

*STATE OF MISSISSIPPI*                                                         *Respondent*

### <u>EN BANC ORDER</u>

Before the Court, en banc, is the successive Petition for Post-Conviction Relief to Establish Actual Innocence and Constitutional Violations filed by counsel for Xavier Brown.   Also before the Court is the State's Response in Opposition to Successive Petition for Post-Conviction Relief, to which Brown filed a reply.

Brown was convicted of capital murder and sentenced to death.   This Court affirmed Brown's conviction and sentence.   ***Brown v. State (Brown I)***, 890 So. 2d 901 (Miss. 2004).   Now before the Court is Brown's successive petition for post-conviction collateral relief.   Leave to proceed should be granted only if Brown's petition, exhibits, and the prior record show that his claims are not procedurally barred and that they "present a substantial showing of the denial of a state or federal right[.]" Miss. Code Ann. § 99-39-27(5) (Rev. 2020); *see also **Ronk v. State***, 267 So. 3d 1239, 1247 (Miss. 2019). "Direct appeal [is] the principal means of reviewing all criminal convictions and sentences . . . ." Miss. Code Ann. § 99-39-3(2) (Rev. 2020). Review at this stage, with certain exceptions, is limited to issues that could not or should not have been reviewed at trial and in the direct appeal. *Id.*; ***Brown v. State***, 798 So. 2d 481, 491 (Miss. 2001).

Brown must overcome several procedural or substantive bars.   First, the mandate in Brown's direct appeal issued on November 12, 2004.   Brown's successive petition was filed on September 17, 2024.   This filing is subject to the one-year time bar. Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2020); *see also **Brown v. State***, 306 So. 3d 719, 729 (Miss.

2020); ***Jordan v. State***, 213 So. 3d 40, 42 (Miss. 2016); ***Havard v. State***, 86 So. 3d 896, 899 (Miss.

2012). The failure to raise post-conviction claims within the one-year period results in a waiver of potential relief unless the petitioner meets an exception to the time bar. M.R.A.P. 22(c)(5); ***Jordan***, 213 So. 3d at 42. Additionally, Brown admits that on March 31, 2017, the federal court granted him a stay of his federal habeas corpus proceedings, allowing him to proceed here on his unexhausted claims, which he did not file in this Court until September 17, 2024. Unless Brown can show that he meets an exception, the petition is barred as untimely.

Second, as mentioned above, Brown has filed a previous petition for post-conviction collateral relief. The claims raised in that petition were ultimately denied. ***Brown v. State (Brown II)***, 948 So. 2d 405, 417 (Miss. 2006). The petition now before the Court is subject to the successive-writ bar set out in Mississippi Code Section 99-39-27(9) (Rev. 2020). "Absent an applicable exception, a successive motion for post-conviction relief is procedurally barred." ***Brown***, 306 So. 3d at 729. Unless Brown meets an exception to the successive-writ bar, his claims are precluded at this point.

Third, Mississippi Code Section 99-39-21(2)(Rev. 2020) provides that "[t]he litigation of a factual issue at trial and on direct appeal of a specific state or federal legal theory or theories shall constitute a waiver of all other state or federal legal theories which could have been raised under said factual issue. . . ." Reframing an issue that has previously been considered and rejected is not allowed. See ***Foster v. State***, 687 So. 2d 1124, 1136 (Miss. 1996); ***Wiley v. State***, 517 So. 2d 1373, 1377 (Miss. 1987).

Finally, Brown is prohibited from reraising claims that have been addressed in prior proceedings. "The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal." Miss. Code Ann. § 99-39-21(3) (Rev. 2020). "Res judicata also extends to those claims that could have been raised in prior proceedings but were not." ***Ambrose v. State***, 323 So. 3d 482, 493 (Miss. 2021) (internal

quotation marks omitted) (quoting **Brown**, 306 So. 3d at 730).

Brown first presents new claims that his trial attorneys were ineffective at the culpability and penalty phases of his trial. We find that these issues are barred because as they could have be raised in his first PCR. They are barred by waiver. § 99-39-21(2). And to the extent Brown's claims attempt to reargue claims made in his first PCR, they are barred by res judicata. Miss. Code Ann. § 99-39-21(3) (Rev. 2020). Further, when deciding Brown's first petition for post-conviction relief, the Court held that "[b]ased upon the facts of this case and the information presented in the trial record, defense counsel's assistance was reasonable considering all of the circumstances." **Brown II**, 948 So. 2d at 412-13.

Brown's new claims of ineffective assistance of counsel are brought to the Court in this successive PCR under the assertion that post-conviction counsel was ineffective for failing to raise them in Brown's first PCR. As an exception to the time-bar and successive writ bar, Brown relies on **Grayson v. State**, 118 So. 3d 118, 126 (Miss. 2013), which held that a death-penalty petitioner's meritorious claim of ineffective assistance of post-conviction counsel is excepted from the statutory bars. But **Grayson** was overturned by this Court before the filing of Brown's successive petition. See **Carr v. State**, 410 So. 3d 1062 (Miss. 2025).[1] Brown's claims are both successive writ and time barred because **Grayson** no longer provides an exception for ineffective-assistance-of-post-conviction-counsel claims in death-penalty cases.

One of the exceptions to the time bar and the successive-writ bar is newly discovered evidence. But such evidence must not have been "reasonably discoverable at the time of trial" and it must be "of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i) (Rev. 2020); *see also* Miss.

---

[1] Presiding Justice King objected to the order with a separate written statement.

Code Ann. § 99-39-27(9). Brown claims to have newly discovered evidence, but none of the purported newly discovered evidence was undiscoverable at the time of trial. And to the extent Brown asserts that counsel was ineffective for failing to discover or present it, the issue is waived. Miss. Code Ann. § 99-39-21(1) (Rev. 2020).

Brown also asserts that he is entitled to post-conviction relief due to numerous violations of his right to confront witnesses against him. The Confrontation Clause confers a right to confront "those who 'bear testimony'" against the defendant. *Conners v. State*, 92 So. 3d 676, 683 (Miss. 2012) (internal quotation marks omitted) (quoting *Crawford v. Washington*, 541 U.S. 36, 51 (2004)). At trial and on direct appeal, Brown asserted a Confrontation Clause violation as to one witness. In his successive petition, for the first time, Brown makes the same assertion against three additional witnesses for the prosecution, and he made no contemporaneous objections as to these additional witnesses at trial. We find these claims to have been waived because they were capable of be raised before now.

One of the exceptions to the time bar and the successive-writ bar are those cases in which a petitioner can demonstrate "that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence . . . ." §§ 99-39-5(2)(a)(i), -27(9). Brown now asserts that *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 313 (2009), *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), and *Smith v. Arizona*, 602 U.S. 779 (2024), are all "intervening decisions which give rise to new claims that support relief for Brown" such that his Confrontation Clause claims are excepted from the waiver and successive-writ bars. We find that all of theses cases are pronouncements of the continued adherence to *Crawford*, 541 U.S. 36.

Further, the Supreme Court of the United States handed down its decision in *Crawford*, overruling *Ohio v. Roberts*, 448 U.S. 56 (1980), before briefing concluded in Brown's direct appeal. Brown was aware of *Crawford*; he raised the issue in his reply

4

brief on direct appeal and in his petition for writ of certiorari in the Supreme Court. He did not raise it in his first petition for post-conviction relief. Brown has failed to overcome the procedural bars.

After a complete review of Brown's successive petition, we find that each claim is barred. Notwithstanding the bars, we find that the claims are also without merit.

IT IS, THEREFORE, ORDERED that the successive Petition for Post-Conviction Relief to Establish Actual Innocence and Constitutional Violations is denied.

SO ORDERED.

TO DENY: ALL JUSTICES.

**DIGITAL SIGNATURE**
Order#: 260384
Sig Serial: 100011696
Org: SC
Date: 01/29/2026

Leslie D. King, Presiding Justice

5